**Tom ABBOTT, et al., Plaintiffs,**

v.

**The CITY OF VIRGINIA BEACH, Defendant.**

**No. 87–885–N.**

United States District Court, E.D. Virginia, Norfolk Division.

July 22, 1988.

Michael T. Leibig, Joseph E. Slater, Zwerdling, Paul, Leibig, Kahn & Thompson, Washington, D.C., K.W. Stolle, Virginia Beach, Va., for plaintiffs.

---

Randall M. Blow, City of Virginia Beach, Virginia Beach, Va., for defendant.

## ORDER

CLARKE, District Judge.

This action was brought for alleged violations of the amended Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs are the Virginia Beach Policemen's Benevolent Association ("VBPBA"); the Virginia Beach Police Sergeant's Association ("VBPSA"); Tom Abbott and Frank LaPorta, the current and past presidents of VBPBA, and Nicholas Sitarski, the current president of VBPSA, in their individual and organizational capacities and in their capacities as "FLSA Representatives"; and one hundred twenty-six other individual Virginia Beach police officers. The sole defendant is the City of Virginia Beach (the "City"). Plaintiffs seek, among other things, declaratory relief under 28 U.S.C. § 2201 and compensatory and liquidated damages under 29 U.S.C. § 216(b).

On June 3, 1988, plaintiffs moved this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). On June 7, 1988, the City moved for partial summary judgment pursuant to Rule 56(b) on the issue of whether its practices violated 29 U.S.C. § 207(*o*)(2)(A). On June 13, 1988, plaintiffs submitted a reply brief in which they state that all of the City's alleged FLSA violations had been corrected with the exception of its alleged violation of Section 207(*o*)(2)(A). Accordingly, this issue is ripe for disposition.

The facts material to resolving this issue are not in dispute. The individual plaintiffs are employees of the City. The City is a municipal corporation organized and operating under Virginia law and a public agency within the meaning of Section 207(*o*)(1). The Virginia Beach Police Department (the "Police Department") is the law-enforcement agency of the City. Collectively, Abbott, LaPorta and Sitarski (both individually and through the VBPBA and VBPSA) are the designated "FLSA Representatives" for 253 of the between 400 and 500 officers in the Police Department. Some of the 253 police officers are also individual plaintiffs.

On April 1, 1986, the City, through the Police Department, instituted a policy concerning officer overtime pay which continued until January 21, 1988. As required by 29 U.S.C. § 207(a)(2), an officer was paid for any time worked over forty hours a week at a rate one and a half times his regular pay rate. Each time an officer worked overtime, he was given the choice of whether to take his overtime pay in compensatory time or money. He indicated his choice by completing a "Form P.D. 130–2" and submitting it to his immediate supervisor at the end of his shift. The City's policy was to honor an officer's choice, and there is no evidence that a Form P.D. 130–2 request was ever denied.

The City adopted this policy of its own accord instead of by agreement with Abbott, LaPorta and Sitarski. No meetings were held between the City and these plaintiffs, although the City did offer to meet with them to discuss their individual problems and concerns.

On January 21, 1988, the City, through the Police Department, promulgated its present policy of paying all overtime in money.

Section 207(*o*) provides in part:

(1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

(2) A public agency may provide compensatory time under paragraph (1) only—

(A) pursuant to—

(i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or

(ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employ-

er and employee before the performance of the work. . . .

29 U.S.C. § 207(*o*) (1985 Supp. III). The parties agree that the City's policy since January 21, 1988 is in compliance with Section 207(*o*)(2)(A). They disagree, though, over whether the City's policy from April 1, 1986 to January 21, 1988 complied with Section 207(*o*)(2)(A). Plaintiffs contend that since 253 Virginia Beach police officers were represented by Abbott, LaPorta and Sitarski, Section 207(*o*)(2)(A)(i) required that the City enter into an agreement with these plaintiffs rather than each of the 253 officers individually concerning the use of compensatory time as pay for overtime. The City takes the position that because Virginia law prohibits it from collectively bargaining with representatives of its employees, *see Commonwealth v. County Board of Arlington County*, 217 Va. 558, 232 S.E.2d 30 (1977), it was required to comply with Section 207(*o*)(2)(A)(ii), which it did by implementing a policy of allowing police officers to individually choose to take overtime pay in compensatory time or money.

The issue comes down to whether Abbott, LaPorta and Sitarski needed to be "recognized" representatives in order to make a Section 207(*o*)(2)(A)(i) agreement. "Recognition", as that term is understood in the context of the National Labor Relations Act, the Taft–Hartley amendments and labor law in general, means the acknowledgment by an employer that a collective-bargaining representative has been designated by a majority of employees in the appropriate bargaining unit and thus that the employer is obligated to bargain exclusively with the representative. *See, e.g., N.L.R.B. v. Ralph Printing & Lithographing Co.*, 379 F.2d 687, 692–693 (8th Cir.1967); *N.L.R.B. v. Clinton E. Hobbs Co.*, 132 F.2d 249, 251 (1st Cir.1942).

■ Section 207(*o*)(2)(A)(i)'s use of the term "representatives" is sufficiently ambiguous that resort to the legislative history of the Section is required. *Cf. Int'l Ass'n of Fire Fighters v. West Adams County Fire Protection District*, Civil Action No. 87–F–16 at 5, fn. 2 (D.Colo. March 18, 1988). The legislative history makes clear that Congress intended Section 207(*o*)(2)(A)(i) to apply only where state law permits employees of state and local governmental entities to have recognized representatives. In its report on the 1985 FLSA amendments that created Section 207(*o*), the Senate Committee on Labor and Human Resources stated in regard to Section 207(*o*)(2)(A):

> Where employees have a recognized representative, the agreement, or understanding must be between that representative and the employer, either through collective bargaining or through a memorandum of understanding or other type of agreement. Where employees do not have a recognized representative, the agreement or understanding must be between the employer and the individual employee.

S.Rep. No. 99–150, 99th Cong., 1st Sess. 10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 651, 658.

Plaintiffs rely on two cases that, to the contrary, hold that Section 207(*o*)(2)(A)(i) applies to any employee or group of employees who designates a representative to negotiate with the state or local governmental employer concerning the form in which overtime will be compensated, whether or not that representative is recognized. *See Jacksonville Professional Fire Fighters Ass'n v. Jacksonville*, 685 F.Supp. 513 (E.D.N.C.1987); *Dillard v. Harris*, No. C86–834A (N.D.Ga. Sept. 30, 1987). The Court does not find these cases persuasive. These cases fail to address the Senate Committee report and instead look to two sources outside of the legislative history in reaching their holdings. The first is the Department of Labor's interpretation of Section 207(*o*)(2)(A) found at 29 C.F.R. § 553.22. That regulation reads in part:

> In the absence of a collective bargaining agreement applicable to the employees, the representative need not be a formal or recognized bargaining agent as long as the representative is designated by the employees.

24 C.F.R. § 553.22(b)(1) (1987). The second source is a 1986 letter from several Congressmen who had sponsored the 1985 FLSA amendments to then Secretary of Labor Brock, expressing their approval of the Department of Labor's interpretation:

> We were careful in developing the amendment to be clear that the representative need not be a formally recognized collective bargaining representative and that recognition by the employer was not required.
>
>    *     *     *     *     *     *
>
> It is the employees' designation, and not the employer's recognition or attitude toward that representative that is vital. FLSA Section 7(*o*)(2)(A)(i) was specifically drafted to avoid any requirements of formal recognition.

Letter from Congressional Sponsors of the Fair Labor Standards Amendments of 1985 to Secretary of Labor William E. Brock at 2 (Sept. 26, 1986). If the Senate Committee report did not address Congress' intent concerning Section 207(*o*)(2)(A), these two sources would have interpretive value. However, the Senate Committee report speaks clearly and to the contrary of these sources. As legislative history, the Senate Committee's interpretation of Section 207(*o*)(2)(A) must prevail over the Department of Labor's interpretation and a post-enactment attempt by several Congressmen to place their own gloss on the statute.

The Court need not pause long over the fact that Section 207(*o*)(2)(A)(i) provides that an agreement under that subsection can be reached by means of a "memorandum of understanding or any other agreement" as well as by means of a collective bargaining agreement. Here again, the Senate Committee report is helpful. Concerning the form that a Section 207(*o*)(2)(A)(i) agreement is to take, the report states that "[t]he agreement or understanding need not be in writing, but a record of its existence must be kept." Senate Committee Report at 10, 1985 U.S.Code Cong. & Admin.News at 658. This statement indicates that Congress intended by this language to avoid restricting the form in which Section 207(*o*)(2)(A)(i) agreements

were made rather than to describe the type of representative that was permitted to enter into such agreements. Thus, based on the legislative history of Section 207(*o*)(2)(A), the Court holds that a Section 207(*o*)(2)(A)(i) agreement is only required where state law permits state and local governmental entities to recognize representatives of their employees for collective bargaining purposes.

Plaintiffs also argue that Virginia law permits the City to reach a Section 207(*o*)(2)(A)(i) agreement with Abbott, LaPorta and Sitarski. While plaintiffs concede that municipalities in Virginia are prohibited from collectively bargaining with their employees, they assert that Virginia law allows Abbott, LaPorta and Sitarski to represent the 253 police officers to the extent necessary to make a Section 207(*o*)(2)(A)(i) agreement. This argument fails for two reasons. First, as discussed above, Congress intended Section 207(*o*)(2)(A)(i) to apply only where a state or local government entity is permitted to enter into a collective bargaining agreement with recognized representatives of its employees. Plaintiffs admit that such is not the case in Virginia. Second, even if Section 207(*o*)(2)(A)(i) could be read to permit an agreement in states that would allow "recognition" for purposes of that subsection but not for collective bargaining purposes, Virginia law would appear to prohibit such recognition by the City. Plaintiffs rely for their argument on *O'Brien v. Leidinger*, 452 F.Supp. 720 (E.D.Va.1978). Yet *O'Brien* merely holds that Virginia law permits municipalities to "legally enter into 'discussions' concerning wages, hours and working conditions with representatives of public employee organizations." *Id.* at 723 (footnote omitted). Section 207(*o*)(2)(A)(i) mandates more than just discussions: it plainly requires that an agreement be struck between the state or local governmental entity and representatives of its employees.

As mentioned above, *Commonwealth v. County Board of Arlington County,* 217 Va. 558, 232 S.E.2d 30 (1977), the seminal Virginia case on collective bargaining by

employees of municipalities, held that local governing bodies cannot enter into collective bargaining agreements with exclusive bargaining agents of their employees concerning terms and conditions of employment. In reaching this conclusion, the Virginia Supreme Court relied on the Dillon Rule of strict construction of local government powers to find that since the Virginia legislature had not expressly or by necessary implication granted local governing bodies the power to enter into collective bargaining agreements with representatives of their employees, local governing bodies had no such power. *Id.* 232 S.E.2d at 42–44.

■ The Virginia legislature has not expressly or impliedly granted the City, either by statute or by the City's charter, the power to enter into any type of agreement with representatives of its employees concerning compensation. Therefore, the Court is of the opinion that if faced with the present issue, the Virginia Supreme Court would hold that a municipality such as the City is prohibited from "recognizing" a representative of its employees even for the limited purposes of reaching a Section 207(*o* )(2)(A)(i) agreement.

■ Plaintiffs do not argue that the City's policy from April 1, 1986 to January 21, 1988 did not comport with Section 207(*o* )(2)(A)(ii)'s requirement that "an agreement or understanding [be] arrived at between the employer and employee before the performance of work ..." nor does it appear that the City's policy of giving each individual police officer the choice as to how he would be compensated for a specific overtime period violated this provision. Accordingly, the Court holds that the City's policy from April 1, 1986 to January 21, 1988 was in compliance with Section 207(*o* )(2)(A).

For the foregoing reasons, the City's Motion for Partial Summary Judgment is GRANTED, and plaintiffs' Motion for Summary Judgment is DENIED as to the issue of whether the City violated Section 207(*o* )(2)(A).

Counsel are DIRECTED to advise the Court within ten (10) days whether there are claims left unresolved after this opinion and if so whether they wish to pursue them.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.