916 F.2d 1384
 30 Wage & Hour Cas. (BN 1, 116 Lab.Cas. P 35,398
 STATE OF NEVADA EMPLOYEES' ASSOCIATION, INC., Patricia
Jerman, Robert Pierce, Walter Rose, Joseph
Skomski, Plaintiffs-Appellees,
v.
Richard BRYAN, Governor of the State of Nevada, Nevada
Department of Prisons, and George Sumner, Director
of the Nevada Department of Prisons,
Defendants-Appellants.
 No. 89-15990.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 17, 1990.
Decided Oct. 9, 1990.
 
 1
 Brian McKay, Nevada Atty. Gen., Cheryl Lau, Deputy Atty. Gen., Dept. of Motor Vehicles and Public Safety, Carson City, Nev., for defendants-appellants.
 
 
 2
 Norah Ann McCoy, State of Nev. Employees' Ass'n, Carson City, Nev., for plaintiffs-appellees.
 
 
 3
 Appeal from the United States District Court for the District of Nevada.
 
 
 4
 Before ALARCON and POOLE, Circuit Judges, and SPENCER WILLIAMS,* District Judge.
 
 SPENCER WILLIAMS, Senior District Judge:
 
 5
 Appellants, the State of Nevada entities and officials, appeal the district court's findings of fact and conclusions of law after a bench trial. The district court found that State of Nevada's overtime compensation policy violated section 7(o ) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 207(o ), (West Supp.1989) (the "Act"). The district court found that the State's overtime compensation policy, which authorized the use of compensatory time off as a method of paying for overtime labor, violated section 7(o ) of the FLSA. Section 7(o ) of the FLSA permits the use of compensatory time off only where there is a memorandum or understanding between the governmental employer and the "representative" of the employees to allow the use of compensatory time off. We affirm in part and reverse in part.
 
 FACTS AND PROCEDURAL HISTORY
 
 6
 Plaintiff State of Nevada Employees' Association ("SNEA")[1] is a non-stock, non-profit corporation incorporated in the State of Nevada. The membership of SNEA is comprised exclusively of employees of the State. All members of SNEA have authorized SNEA to represent them in labor matters.
 
 
 7
 Individually named plaintiffs Patricia Jerman, Robert Pierce, Walter Rose, and Joseph Skomski are employees of the State Department of Prisons. The Department of Prisons hired Robert Pierce on February 19, 1983; Walter Rose on April 8, 1974; Joseph Skomski on April 8, 1974; and Patricia Jerman on August 13, 1979. (Appellees are collectively referred to as "SNEA.")
 
 
 8
 Appellants and defendants below, the State of Nevada entities and officials (collectively referred to as "the State") provides a system in which employees can choose either extra time off ("compensatory leave") or cash payments as compensation for overtime work, provided that the State has sufficient funds to provide cash payments for overtime. If the State lacks the funds to pay for overtime work, the employees receive compensatory leave or can carry over their requests for cash payments to the next fiscal year. This policy is codified in Nevada Administrative Code Sec. 284.250. Currently there is no agreement between SNEA and the State concerning payment for overtime work. The State's current policy for payment of overtime work, as codified in Nevada Administrative Code Sec. 284.250, has been in effect since August 11, 1973.
 
 
 9
 The Nevada Senate and Assembly have recognized SNEA in the Assembly Concurrent Resolution No. 29, adopted in 1969, which states:
 
 
 10
 ASSEMBLY CONCURRENT RESOLUTION--Providing for state recognition of the Nevada State Employees' Association
 
 
 11
 WHEREAS, A substantial number of state employees are members of the Nevada State Employees' Association; andWHEREAS, The Nevada State Employees' Association should be recognized as representatives of its members for purposes of preserving and advancing their interests as state employees; now, therefore, be it
 
 
 12
 Resolved by the Assembly of the State of Nevada, the Senate concurring, That the legislature of the State of Nevada expresses its sense that the personnel division of the department of administration should recognize the Nevada State Employees' Association as representative of its members for discussion of conditions of employment, hours and wages, while at the same time preserving the right of state employees who are not members of such association to speak for themselves.
 
 
 13
 The Nevada legislature has also appointed members of SNEA to the merit award board (Nevada Revised Statutes Sec. 285.030) and to the committee on group insurance (Nevada Revised Statutes Sec. 287.041).
 
 
 14
 During Richard Bryan's term as governor of the State in 1986, he formed a negotiating team to meet with SNEA to establish guidelines for state employees in the executive branch. In 1986, SNEA sent a proposal to Governor Bryan to conform the practices of the State to the 1985 amendment of the Fair Labor Standard Act, 29 U.S.C. Sec. 201 et seq. ("FLSA"), specifically in regard to the payment for overtime work, the same issue as in the case at bar. The negotiating team met with members of SNEA and but did not reach an agreement regarding payment for overtime work.
 
 
 15
 In 1987, the Department of Prisons and SNEA reached a temporary agreement in which the State employees who worked for the Department of Prisons could receive leave instead of cash for overtime work.
 
 
 16
 The Local Government Employee-Management Relations Act authorizes local government employees to participate in collective bargaining but does not authorize State employees to participate in collective bargaining. Nevada Revised Statutes Secs. 288.010-288.280. State employees are specifically barred from participating in collective bargaining. Nevada Attorney General's Opinion 494 (March 4, 1968).
 
 
 17
 The State Personnel System is the entity charged with the responsibility to establish classifications for jobs and salaries. Nevada Revised Statutes Sec. 284.010. The State Personnel System proposes a pay plan, reviewed by the Governor of Nevada and voted upon by the Nevada Legislature.
 
 
 18
 SNEA and the individually named plaintiffs brought suit against the State, alleging that the State had violated section 7(o ) of the FLSA. Section 7(o ) of the FLSA permits a state employer to use compensatory time off for payment of overtime work only where there is a collective bargaining agreement or memorandum of understanding between the employees' "representative" and the State. The suit was brought pursuant to 29 U.S.C. Sec. 216(b) and tried before the District Court, which granted judgment for plaintiffs. The District Court refused to award liquidated damages but awarded backpay, ordered the State to comply with the FLSA, and enjoined the State from paying for overtime work with compensatory time, absent an agreement with SNEA. The District Court granted attorneys' fees to plaintiffs in the amount of $8,800.00 on June 15, 1989. The District Court found that SNEA was a "representative" for purposes of section 7(o ) and that the State was thus allowed to pay SNEA member-employees by compensatory time off only if there was an understanding, agreement, or memorandum between SNEA and the State. The District Court found that because there was no such agreement between the State and SNEA, the State was in violation of section 7(o ).
 
 DISCUSSION
 
 19
 The State appeals the decision of the District Court on two grounds: (1) that the finding that SNEA was a "representative" for purposes of section 7(o ) was incorrect; and (2) that SNEA was not a proper party in this litigation. We review the District Court's interpretation of both state and federal laws de novo. In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984). All parties agree that there are no questions of fact in dispute.
 
 
 20
 I. Is SNEA a "representative" under 29 U.S.C. Sec. 207(o)?
 
 
 21
 In Nevada Highway Patrol Assoc. v. State of Nevada, 899 F.2d 1549 (9th Cir.1990), we considered whether the State of Nevada was in violation of section 7(o ) of the FLSA by offering a choice of compensatory leave or overtime pay that could be deferred in the absence of cash to employees who were members of the Nevada Highway Patrol Association ("NHPA"). The plaintiffs, members of the NHPA, charged that because the NHPA was a "representative," the State of Nevada could not offer compensatory leave for overtime work unless there was an agreement or memorandum of understanding between the State of Nevada and the NHPA. In Nevada Highway Patrol Assoc., we held that although the NHPA was not a "representative" for purposes of the FLSA, SNEA was, and we remanded to the district court to determine how many of the plaintiffs were members of SNEA. Id. at 1555. We stated: "The appellants correctly argue that the NSEA [SNEA] is a lawfully recognized state employee representative. Therefore, a compensatory time-off policy in lieu of overtime compensation cannot be enacted without an agreement with the NSEA [SNEA]." Id.
 
 
 22
 Defendant the State argues in the case at bar that the language in Nevada Highway Patrol Assoc. is merely dicta, not binding on this case. However, a close examination of the arguments in this case affirms the ruling that SNEA is a "representative" for purposes of the FLSA.
 
 
 23
 The general terms of the FLSA provide that all employers must pay employees one and one-half the regular rate for any hours worked above a forty-hour workweek.[2] However, as an exception to this general provision, a state may provide leave time as compensation for overtime work when such compensation is determined by a collective bargaining agreement, memorandum of understanding, or an agreement between the employees' "representative" and the employer.[3]
 
 Section 7(o ) of the FLSA states:
 
 24
 Employees of a public agency which is a State, a political subdivision of a state, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.
 
 
 25
 (2) A public agency may provide compensatory time under paragraph (1) only
 
 
 26
 (A) pursuant to--
 
 
 27
 (i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or
 
 
 28
 (ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work and
 
 
 29
 (B) if the employee has not accrued compensatory time in excess of the limit applicable to the employee prescribed by paragraph (3).
 
 
 30
 In the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii). Except as provided in the previous sentence, the provision of compensatory time off to such employees for hours worked after April 14, 1986, shall be in accordance with this subsection. 29 U.S.C. Sec. 207(o ) (emphasis added).
 
 
 31
 The State argues that SNEA was not a "representative" of the State employees and thus that the State was correct in reaching individual agreements with the State employees regarding payment for overtime work. Because the individually named plaintiffs began work before April 15, 1986, the "regular practice" in effect before they began work should apply if SNEA is not a "representative." See Nevada Highway Patrol Assoc., 899 F.2d at 1553. The regular practice in effect in the case at bar is the current practice of the State.
 
 
 32
 A. Does Sec. 7(o ) apply only to "recognized representatives"?
 
 
 33
 The State argues that SNEA was not the "representative" of the employees for purposes of Sec. 7(o ) because SNEA was not a "recognized representative" under Nevada law. The State argues that Congress specifically intended that under Sec. 7(o ) the definition of "representative" be a "recognized representative." SNEA does not contest the definition of the term "representative" as a "recognized representative," but argues that SNEA is a "recognized representative" as a matter of Nevada law and practice.
 
 
 34
 Although Sec. 7(o ) of the FLSA does not specifically mention the term "recognized representative," there are three sources from which the court drew this interpretation of Sec. 7(o ): the legislative history concerning Sec. 7(o ), the regulations promulgated by the Secretary of Labor to implement Sec. 7(o ), and a letter written by the sponsors of the 1985 amendments which included Sec. 7(o ).
 
 
 35
 Because the statute is silent as to the definition of "representative," this court must examine the Committee Reports to determine the legislative intent of the bill. Garcia v. United States, 469 U.S. 70, 76, 105 S.Ct. 479, 483, 83 L.Ed.2d 472 (1984) (cites omitted). However, the House and Senate Reports offer different views of the meaning of Sec. 7(o ). Abbott v. City of Virginia Beach, 879 F.2d 132, 135 (4th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990). The House Report states: "Where employees have selected a representative, which need not be a formal or recognized collective bargaining agent as long as it is a representative designated by the employees, the agreement or understanding must be between the representative and the employer...." H.R.Rep. No. 331, 99th Cong., 1st Sess. 20 (1985), quoted in Abbott v. City of Virginia Beach, 879 F.2d at 135 (emphasis added). The Senate Report states: "Where employees do not have a recognized representative, the agreement or understanding must be between the employer and the individual employee." S.Rep. No. 159, 99th Cong., 1st Sess. 10, reprinted in 1985 U.S.Code Cong. & Admin.News 651, 658 (emphasis added).
 
 
 36
 The Secretary of Labor has promulgated regulations to implement the FLSA. 29 CFR Part 553 (1988). The pertinent regulations state: "In the absence of a collective bargaining agreement applicable to the employees, the representative need not be a formal or recognized bargaining agent as long as the representative is designated by the employees." 29 CFR Sec. 553.23(b)(1). In response to concerns that the statute might conflict with an individual state's law which prohibits collective bargaining with state employees, the Secretary of Labor stated:The Department recognizes that there is a wide variety of State law that may be pertinent in this area. It is the Department's intention that the question of whether employees have a representative for purposes of FLSA section [7(o ) ] shall be determined in accordance with State or local law and practices. Application of the Fair Labor Standards Act to Employees of State and Local Governments, 52 Fed.Reg. 2012, 2014-15 (1987).
 
 
 37
 The "regulations promulgated by the governmental body responsible for interpreting or administering a statute are entitled to considerable respect." Ford Motor Credit Co. v. Cenance, 452 U.S. 155, 158 n. 3, 101 S.Ct. 2239, 2241 n. 3, 68 L.Ed.2d 744 (1981). See also, Chemical Mfrs.' Ass'n v. Natural Resources Defense Council, 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985) (in absence of clear Congressional intent to contrary, court cannot substitute judgment for EPA's where the interpretation of a "complex statute" is "rational").
 
 
 38
 The last source, a letter written by the congressional sponsors of the 1985 amendments to the FLSA, states that the Secretary of Labor's interpretation of Sec. 7(o ) is correct and that the "representative" mentioned in Sec. 7(o ) need not be a "recognized representative". Abbott, 879 F.2d at 136. However, post-enactment letters from Congressmen are afforded little deference. Weinberger v. Rossi, 456 U.S. 25, 35, 102 S.Ct. 1510, 1517, 71 L.Ed.2d 715 (1982) ("[O]ne isolated remark by a single Senator, ambiguous in meaning when examined in context, is insufficient to establish the kind of affirmative congressional expression necessary to evidence an intent...."); Brock v. Writers Guild of America, 762 F.2d 1349, 1356 (9th Cir.1985) (post-enactment statement by Congressman opposing legislation given little weight).
 
 
 39
 Aside from these sources, the State offers a policy rationale for rejecting the district court's approach: if there is no requirement for a "recognized" representative, different employees might choose alternate representatives or the same employee might switch representatives, resulting in chaos.
 
 
 40
 The district court in the case at bar accepted the State's interpretation of the statute regarding the definition of "representative," holding: "the Court concludes that the term 'representative of such employees' in section 207(o )(2)(A)(i), 29 U.S.C. means a representative recognized by the employer." Findings of Fact, Conclusions of Law, and Judgment, at 15, Excerpts of Record. Although the district court accepted the State's definition of "representative" as a "recognized representative," the district court held that SNEA is a "recognized representative" and thus has been authorized to enter into an agreement with the State on behalf of the State employees.
 
 
 41
 B. Is SNEA a "recognized representative"?
 
 
 42
 The State argues that SNEA is not a "recognized representative" because Nevada state law prohibits recognition of any collective bargaining unit to represent State employees. We held in Nevada Highway Patrol Assoc. that any question of whether an entity was a "representative" for the FLSA should be resolved by reference to state law. Id. at 1554. The State cites the decisions in Abbott v. City of Virginia Beach, 879 F.2d 132 (4th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990), in which the Fourth Circuit held that because Virginia state law did not allow collective bargaining with a representative of public employees, there was no "recognized representative" for purposes of Sec. 7(o ). In Abbott, the district court held that the City of Virginia Beach was not in violation of the Sec. 7(o ) by offering police officers the choice between compensatory pay or leave for overtime work. Abbott v. City of Virginia Beach, 689 F.Supp. 600, 604 (E.D.Va.1988), aff'd, 879 F.2d 132 (4th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990). The City of Virginia Beach had reached no agreement with Virginia Beach Police Benevolent Association, the entity plaintiffs charged was the "recognized representative" of the police officers. Id. The district court concluded that because Virginia law specifically prohibited collective bargaining with representatives of the city's employees, citing Commonwealth v. City Board of Arlington County, 217 Va. 558, 232 S.E.2d 30 (1977), there could be no "recognized representative" of the City's employees. 689 F.Supp. at 603-604.
 
 
 43
 The State argues that similarly, because the State cannot enter into collective bargaining agreements with any representative of its employees, there is no "recognized representative" as a matter of Nevada state law. However, we recognized in Nevada Highway Patrol Assoc. that whether Nevada state employees were barred from collective bargaining was unclear and that even if barred from collective bargaining, there was no prohibition against designating a representative to enter into agreements with the State. Nevada Highway Patrol Assoc., 899 F.2d at 1554, n. 6.
 
 
 44
 The district court held that SNEA is a "recognized representative" under Nevada law because the Nevada legislature recognized SNEA in Assembly Concurrent Resolution No. 29 and in subsequent legislation appointing SNEA to the Merit Award Board and the group insurance committee. Nevada Revised Statutes Sec. 285.030 and Sec. 287.041.
 
 
 45
 The State argues that these resolutions and statutes merely recognized SNEA for the purposes of discussion, not bargaining, and thus cannot constitute "recognition" for the purposes of Sec. 7(o ) of the FLSA. Abbott, 689 F.Supp. at 603 (recognition of a representative group for the purposes of discussion only did not define that group as a "recognized representative" for purposes of Sec. 7(o )).
 
 
 46
 The State's arguments are not supported by the legislative history or the regulations. There is no definition of "recognized representative" which supports the State's position that the "recognized representative" must be an agent authorized by law to act as a collective bargaining agent. The House Report and the Secretary of Labor's comments specifically state that the "representative" need not be an agent authorized for collective bargaining. H.R.Rep. 331; 29 CFR Sec. 553.23(h)(1). Even the Senate Report, which specifically refers to a "recognized representative," does not define a "recognized representative" as an agent authorized to participate in collective bargaining in the state.
 
 
 47
 The Secretary of Labor's further comments support the district court's finding that the "recognized representative" is not necessarily an agent authorized for collective bargaining:
 
 
 48
 In addition, to clarify the fact that the representative of the employees need not be formal or recognized collective bargaining agent, the Department has modified Sec. 553.23(c)(1), as suggested by the National Education Association (NEA) to add the words "or otherwise designated" between the words "recognized" and "representative" since collective bargaining is not a necessary condition for establishing an agreement between an employer and an employee representative. 52 Fed.Reg. at 2014.
 
 
 49
 In conclusion, the language of the legislative history and the examination of Nevada law indicate that SNEA is a "recognized representative" for the purposes of Sec. 7(o ) of the FLSA. Therefore, we AFFIRM the ruling of the District Court in finding that the State was in violation of section 7(o ) of the FLSA by offering compensatory leave for overtime work without a memorandum of understanding or agreement between the State and SNEA.
 
 
 50
 II. Is SNEA a proper party?
 
 
 51
 The State argues that SNEA is not a proper party in this action because employees are the only parties authorized to bring suit for violations of FLSA under 29 U.S.C. Sec. 216(b). 29 U.S.C. Sec. 216(b) states in pertinent part:
 
 
 52
 Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.....
 
 
 53
 An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employees shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. Sec. 216(b).
 
 
 54
 In 1947, Congress amended the FLSA to limit the parties who could bring suit under the FLSA in the Portal-to-Portal amendments. 61 Stat. 87 (1947). The Portal-to-Portal amendments barred unions from bringing representative actions for employees who were union members under Sec. 16(b). Arrington v. Nat'l Broadcasting Co., Inc., 531 F.Supp. 498, 500 (D.D.C.1982). Congress specifically intended to bar "representative actions": "But the second class of cases, namely, cases in which an outsider, perhaps someone who is desirous of stirring up litigation without being an employee at all, is permitted to be the plaintiff in the case, may result in some decidedly unwholesome champertous situations which we think should not be permitted under the law." Arrington, 531 F.Supp. at 501 (quoting 93 Cong.Rec. 2182 (Remarks of Senator Donnell)) (footnote omitted). Section 16(b) was designed "to eradicate the problem of totally uninvolved employees [sic] gaining recovery as a result of some third party's action in filing suit." Id. at 502.
 
 
 55
 An individual employee cannot become a party to an action under 29 U.S.C. Sec. 216(b) unless he or she specifically files a consent form with the district court. Partlow v. Jewish Orphans' Home of Southern Cal., 645 F.2d 757, 758 (9th Cir.1981) ("Under the FLSA, a member of the class who is not individually named in the complaint is not a party to the lawsuit unless he affirmatively 'opts in' by filing a written consent with the court. 29 U.S.C. Secs. 216(b), 256"); see also, United States v. Cook, 795 F.2d 987, 990 (Fed.Cir.1986).
 
 
 56
 We have never directly addressed this issue of whether a representative can sue on behalf of its members under 29 U.S.C. Sec. 216(b). However, in Silverton v. Valley Transit Center, 140 F.Supp. 709 (S.D.Cal.1955), aff'd 249 F.2d 409 (9th Cir.1957), the district court held that because representative actions were barred, plaintiff could not bring an action pursuant to 29 U.S.C. Sec. 216(b) as the Secretary of Teamsters Local No. 898 on behalf of the union. Id. at 710. We upheld the district court in Silverton on other grounds. 249 F.2d at 409. But cf., Abbott, supra (plaintiff was Virginia Beach Benevolent Police Association); Jacksonville Professional Firefighters Assoc. Local 2691 v. City of Jacksonville, 685 F.Supp. 513 (E.D.N.C.1988) (plaintiff was firefighters' union).
 
 
 57
 In the case at bar, the plaintiffs who filed consent to participate in the action were plaintiffs Jerman, Skomski, Pierce, and Rose. No other members of SNEA filed consent forms in the district court to join the action. Although SNEA is not a union, it is clearly a "representative," and this action brought by SNEA is the type of "representative action" barred by Sec. 16(b). See Arrington v. Nat'l Broadcasting Corp., Inc., 531 F.Supp. at 501. Moreover, the individual members of SNEA cannot participate in this action as plaintiffs, even when represented by SNEA, because they did not file individual consent forms stating their intention to participate in the action, as required by Sec. 16(b). Therefore, SNEA is barred from participating in this action as a plaintiff.
 
 
 58
 SNEA argues that "SNEA has standing to assert the claims of its members who are suffering immediate or threatened injury as a result of the acts of defendants." Brief of the Appellees at 12. A plaintiff has standing if he or she has alleged a "personal stake" in the litigation "to justify exercise of the court's remedial powers on his behalf." Arlington Heights v. Metro. Housing Corp., 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977) (cites omitted). A plaintiff must allege that he or she has suffered actual injury. Id. The injury may be indirect, but it must be "fairly traceable" to the actions of the defendant. Id.
 
 
 59
 The Supreme Court has supported the standing of an organization acting as plaintiff on behalf of its members where the members have alleged a personal injury. See, e.g., United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973) (organization comprised of parties who were injured by adverse impact of Interstate Commerce Commission's actions alleged sufficient personal injury to withstand motion to dismiss for lack of standing); but cf., Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) (Sierra Club lacked standing to contest change in use of national park because there was no allegation of individualized harm to itself or its members). Although individual members of SNEA clearly have standing to bring this suit, the clear language and legislative history of Sec. 16(b) indicate that SNEA itself cannot be a party in this action. Thus, the issue of standing is irrelevant. Furthermore, even if individual members of SNEA have standing to bring suit under the FLSA, the individual members cannot proceed unless they file a form of consent with the district court.
 
 
 60
 Therefore, we REVERSE the award of attorney's fees to SNEA and REMAND to the District Court to determine the correct amount of attorney's fees for the individually named plaintiffs only. We also REVERSE the award of backpay to any individuals who did not file a consent form in the district court in this action.
 
 
 61
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 
 *
 The Hon. Spencer Williams, Senior United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Although the State of Nevada Employees' Association was previously known as the Nevada State Employees' Association and commonly referred to as "NSEA," the association changed its name to avoid confusion with another organization with a similar acronym
 
 
 [2]
 (a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate of which he is employed. 29 U.S.C. Sec. 207(a)(1)
 
 
 [3]
 The FLSA was not originally applicable to state or local public employers. However, Congress later amended the FLSA to apply to almost all state and local entities. The Supreme Court then ruled that the FLSA could not be enforced against state employers where "traditional governmental functions" were involved. Nat'l League of Cities v. Usery, 426 U.S. 833, 852, 96 S.Ct. 2465, 2474, 49 L.Ed.2d 245 (1976) but later overruled Usery and held that the FLSA's application was not determined by the nature of the work. Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 547, 105 S.Ct. 1005, 1015, 83 L.Ed.2d 1016 (1985)
 After the Supreme Court decided Garcia, Congress amended the FLSA in 1985 to allow state and local public employers to provide either compensatory leave or cash payment for overtime work. Fair Labor Standards Amendments of 1985, Pub.L. 99-150, Sec. 2(a), 99 Stat. 787 (1985) (added to 29 U.S.C. Sec. 207(o )).