986 F.2d 1142
 24 Fed.R.Serv.3d 1383
 CITY OF EAST ST. LOUIS and Carl Officer, Plaintiffs-Appellants,
v.
CIRCUIT COURT FOR the TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR
COUNTY, ILLINOIS, Honorable Judge Scrivner, and
Estate of Walter DeBow, Lola Murray, as
Special Administrator,
Defendants-Appellees.
Appeal of Eric E. VICKERS, Attorney for Plaintiffs.
 No. 91-1958.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 6, 1992.
Decided Feb. 25, 1993.
As Amended March 2, 1993.
 
 Eric E. Vickers, St. Louis, MO, for plaintiffs.
 Michael J. Nester (argued), Douglas Heise, Donovan, Rose, Nester & Szewczyk, Belleville, IL, for Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Roger Scrivner.
 Clyde Kuehn, Kuehn & Trentman, Belleville, IL, for Estate of Walter Debow, Lola Murray, as Special Administrator.
 Eric E. Vickers (argued), pro se.
 Before POSNER and FLAUM, Circuit Judges, and WILLIAMS, District Judge.*
 FLAUM, Circuit Judge.
 
 
 1
 While incarcerated in the East St. Louis municipal jail, Walter DeBow sustained injuries that left him physically and mentally disabled. His Estate filed suit against the City of East St. Louis, and the jury returned a verdict of $3.4 million against the City. Despite repeated attempts to collect the judgment, the City refused to pay. In its most recent collection action, the Estate filed a citation to discover assets of the City and to effect execution of the judgment. Over the City's objection, Judge Robert Scrivner of the Circuit Court for the Twentieth Judicial Circuit of Illinois ("Circuit Court") executed, on behalf of the City, two quit claim deeds conveying to the Estate a vacant 220-acre parcel of land and the East St. Louis City Hall. The Estate transferred the judgment property to a third party on the same day. Understandably distressed over the loss of its City Hall, the City--along with East St. Louis Mayor Carl Officer--beat a hasty path to the federal court door. The district court concluded that they were too hasty and dismissed the complaints. It also invited defendants to move for sanctions under Fed.R.Civ.P. 11 against Eric Vickers, attorney for the City and the Mayor. After briefing, the district court concluded that the plaintiffs had failed to establish that the district court had subject matter jurisdiction over any of the claims and granted the motion for sanctions against Mr. Vickers.
 
 I.
 
 2
 Rule 11 establishes duties to both the opposing side and the legal system as a whole that are designed to curb needless expense and delays and to free the courts from litigation that strains scarce judicial resources. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 932 (7th Cir.1989) (en banc). Accordingly, counsel has a duty to make a reasonable inquiry in advance of filing to ensure that no action "for any improper purpose" is filed. The operation of Rule 11 is clear. If counsel files pleadings that are not reasonably based in law or in fact, or that are designed to harass, then " 'the court upon motion or upon its own initiative, shall impose ... an appropriate sanction.' " Brown v. Federation of U.S., 830 F.2d 1429, 1433 (7th Cir.1987) (quoting Rule 11). Our review of the imposition of Rule 11 sanctions is for an abuse of discretion. Id. 880 F.2d at 933. Although this review does not include a reconsideration of the merits of the case, Hays v. Sony Corporation of America, 847 F.2d 412 (7th Cir.1988), we cannot avoid reexamining the underlying action that precipitated the sanctions to determine whether there was an abuse of discretion.
 
 
 3
 In Count I of the consolidated action, no facts were in issue. Mr. Vickers, on behalf of the City and Mayor Officer, sought injunctive relief against Judge Scrivner, the Circuit Court, and the Estate of Walter DeBow. Plaintiffs requested a temporary restraining order and a permanent injunction to prevent the conveyance of City Hall and the other municipal property, to enjoin the enforcement of the Circuit Court's order, and to request costs and attorney's fees. Plaintiffs asserted jurisdiction under the Fifth and Fourteenth Amendments as well as under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. To succeed on this claim, both the Mayor and the City would first need to meet the requirements for standing.
 
 
 4
 Mayor Officer brought his action as both a citizen and a taxpayer of the City. To establish standing as a citizen, he would need to demonstrate a "distinct and palpable injury" that the requested relief would redress. Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). Officer has not met this burden. His assertion of "immediate and irreparable harm" is nothing more than a generalized grievance, which is insufficient to afford standing in this case. Id. at 499, 95 S.Ct. at 2205. Officer's assertion of taxpayer standing also comes up short. The general rule enunciated by the Supreme Court views with disfavor suits by taxpayers challenging how the government enforces the law. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). And obviously Officer does not fall within the taxpayer exception for violations of the establishment clause articulated in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Consequently, the absence of standing renders this claim nonjusticiable.
 
 
 5
 The City's claim for injunctive relief has also foundered on the standing requirement. Municipalities cannot challenge state action on federal constitutional grounds because they are not "persons" within the meaning of the Due Process Clause. Because East St. Louis is not a "person," it cannot invoke the protection of the Fifth or Fourteenth Amendments, Village of Arlington Heights v. Regional Transp. Authority, 653 F.2d 1149, 1152 (7th Cir.1981), and therefore cannot bring a section 1983 claim. Thus, the district court lacked jurisdiction to hear this claim.
 
 
 6
 Without addressing the City's lack of standing, Mr. Vickers argues, somewhat opaquely, that our decision in Evans v. City of Chicago, 689 F.2d 1286 (7th Cir.1982) creates a general right to pursue in federal court the recovery of municipal property. He reads Evans as allowing the City to contest in the district court the execution against the East St. Louis City Hall and the vacant land in favor of the judgment creditor DeBow. In fact, Evans was a section 1983 action challenging Chicago's statutorily prescribed procedure for paying tort judgments. We examined the constitutionality of Chicago's practice of delaying the payment of tort judgments in excess of $1000. The acknowledgement of a state law prohibition against executions against municipal property to satisfy large judgments was an aspect of the analysis rather than the holding of that case. See id. at 1296. Any other conclusion would open the door for judgment debtors to apply to federal court to overturn writs of execution. This outcome is unwarranted because granting judgment debtors entry to federal court to challenge orders of execution would create a preferential property interest in favor of municipalities. The City's first recourse should have been in state court.[1]
 
 
 7
 At the time the Circuit Court issued the writ of execution, Illinois law recognized that a judgment creditor could not execute on city property to satisfy a judgment. City of Chicago v. Hasley, 25 Ill. 595 (1861). (Illinois recognizes an exception for wage garnishments against a city since public funds are not jeopardized. Henderson v. Foster, 59 Ill.2d 343, 319 N.E.2d 789 (1974)). The existence of this general prohibition should have propelled the Mayor and the City to pursue the remedies available in state court. Nonetheless, Mr. Vickers contends that Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554 (7th Cir.1986), allows him to pursue injunctive relief in federal court while an appeal on the merits is pending in state court. But Lynk, a prisoner seeking a divorce, was faced with a Catch-22 because Indiana law required that he be present at the divorce hearing but the Indiana authorities would not release him from prison for the hearing. Lynk's application to federal court was a legitimate means of vindicating his right to a divorce because "there [were] no procedures open to him under state law for getting a decision on his petition." Id. at 560. The City faced no comparable obstacle in the Illinois courts.
 
 
 8
 In fact, plaintiffs' counsel tacitly acknowledged this fact when he conceded at a hearing before the district court that the City could not avail itself of federal court in its section 1983 action against the defendants. However, that concession is not enough to overcome the imposition of sanctions. As we have previously noted, "[c]ounsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation." Mars Steel, 880 F.2d at 932. "A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." Business Guides Inc. v. Chromatic Comm. Enterprises, Inc., 498 U.S. 533, 540, 111 S.Ct. 922, 939, 112 L.Ed.2d 1140 (1991). Counsel effectively conceded that the action brought on behalf of the City was frivolous. Consequently, the district court's decision to impose sanctions was not clearly erroneous.[2]
 
 II.
 
 9
 Appellees have requested the imposition of additional sanctions against appellants' counsel under Fed.R.App.P. 38 for prosecuting a frivolous appeal. According to Rule 38, we can impose sanctions when an appeal is both frivolous and an appropriate case for sanctions. Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.), cert. denied, 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 209 (1989). If a "result is foreordained by the lack of substance of appellant's arguments," an appeal is frivolous. Mars Steel, 880 F.2d at 938. To overturn the sanctions, Mr. Vickers had to overcome the high threshold of the abuse of discretion standard that we employ in reviewing the imposition of Rule 11 sanctions. Certainly, repeating the arguments offered to the district court and skirting the question of jurisdiction strongly suggests a lack of substance. Nonetheless, the language of Rule 38 does read "may award" whereas Rule 11 employs the more peremptory "shall." Because we are confident that Mr. Vickers will not pursue this matter any further, we decline to impose additional sanctions.
 
 
 10
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ann Claire Williams, of the Northern District of Illinois, sitting by designation
 
 
 [1]
 In fact, the City did appeal the conveyance of City Hall and the 220-acre parcel to the Fifth District of the Illinois Appellate Court, which vacated the execution against City Hall. Estate of DeBow v. City of East St. Louis, 228 Ill.App.3d 437, 170 Ill.Dec. 457, 592 N.E.2d 1137, appeal granted, 146 Ill.2d 626, 176 Ill.Dec. 796, 602 N.E.2d 450 (1992)
 
 
 [2]
 In dismissing plaintiffs' actions, the district court elaborated other subsidiary factors that would undermine plaintiffs' cause of action. Because the ill-conceived section 1983 action alone is sufficient grounds for imposing sanctions, we need not address the merit of those other reasons