Roberta WHITE, et al., Plaintiffs–
Appellants,

v.

GENERAL MOTORS CORPORATION,
et al., Defendants–Appellees.

No. 92–2505.

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1993.

Decided Aug. 4, 1993.

Thomas E. Hastings (argued), Brown & Hastings, Indianapolis, IN, for plaintiffs-appellants.

Roderick D. Gillum, Drema M. Kopcak, General Motors Corp., Detroit, MI, Wendell R. Tucker, Baker & Daniels, Nora L. Macey (argued), Macey, Macey & Swanson, Indianapolis, IN, for defendants-appellees.

Before FLAUM and KANNE, Circuit Judges, and ENGEL, Senior Circuit Judge.*

FLAUM, Circuit Judge.

Seventy-one employees of General Motors Corporation (GM) brought suit under section 301 of the Labor Management Relations Act against GM and their union, the United Au-

---

* The Honorable Albert J. Engel, Senior Circuit Judge of the Sixth Circuit Court of Appeals, sitting by designation.

tomobile Workers (UAW), alleging that they had been denied their full seniority rights. The employees were all hired at GM's Allison Transmission Division plants in Indianapolis, Indiana, between 1980 and 1981. Subsequently, they were all laid off during the first three months of 1985. Their seniority rights after layoff were governed by paragraph 64(e) of the 1982 GM–UAW National Agreement. Paragraph 64(e) provides:

> Seniority shall be broken for the following reasons: ... If the employee is laid off for a continuous period equal to the seniority he had acquired at the time of such layoff period or ... (36) months[,] whichever is longer; however, an employee whose seniority is so broken under this Agreement ... shall, for a period of sixty (60) months beginning with the employe[e]'s last scheduled work day prior to his layoff, retain a right to be rehired in accordance with the seniority date the employee had established at that plant as of such last day scheduled. An employee who is rehired, and who reacquires seniority at the same plant, ... within sixty (60) months following the last day worked prior to the layoff during which his seniority was broken by virtue of this Paragraph 64(e) shall have his new seniority date adjusted by adding an amount equal to the seniority he had acquired at that plant as of such last day worked.

During their layoff from the Allison plants, many of the employees began working at other GM plants under the Area Hire Program. According to Appendix D–1 of the National Agreement, some of those employees were entitled to adjusted seniority dates of January 7, 1985, when they were rehired at Allison. All of the employees were rehired between May and June of 1989.

According to their complaint, all plaintiffs received adjusted seniority dates of January 7, 1985, or later. Before the district court, they contended that paragraph 64(e) entitled them to earlier dates. At first blush, the employees' claim appears as if it might have merit. Consistent with the dates listed above, which were recited in both sides' appellate briefs and in the district court's opinion, an employee could have been hired on January 1, 1980 and laid off on March 31, 1985, thereby earning 5 years and 3 months of seniority.[1] If he was rehired on May 1, 1989, then his layoff would have lasted only 4 years and 1 month. That employee would never have broken seniority because he would not have been "laid off for a continuous period equal to the seniority he had acquired at the time of such layoff period." He would therefore be entitled to a seniority date of January 1, 1980—a full seven years earlier than the date the plaintiffs were assigned.

The defendants, however, submitted to the district court as an undisputed fact the assertion that "[b]etween July 1988 and April 1989, plaintiffs all broke seniority due to the length of layoff under ¶ 64(e)." Defs.' Prop. Findings of Undisp. Fact and Conclusions of Law at 4. The plaintiffs failed to submit a "Statement of Genuine Issues" to contest this claim. See S.D.Ind.L.R. 56.1. As a result, the district court "searched in vain for a factual dispute" between the parties and eventually accepted the defendants' proposed findings as true. *White v. General Motors Corp.*, No. 91–C–548, slip op. at 10 n. 2, 1992 WL 521524 (S.D.Ind. May 29, 1992). If any of the plaintiffs truly deserved seniority dates before January 7, 1985, it would have been easy enough for them to prove so, as the example of the hypothetical employee above shows. But there are only two pieces of evidence in the record that even mention the hire and layoff dates of any individual plaintiff, and that evidence does not support the employees' contention.

First, according to lead plaintiff Roberta White's personal "cardex" (the official summary of all employment actions involving her), she was hired on December 1, 1980, laid off on January 7, 1985, and rehired on May 22, 1989. She thus accumulated 4 years and 1 month of seniority, and was laid off for 4 years and 4 months. Contrary to the employees' position, she broke seniority. Because she was rehired within 60 months of her layoff, she was entitled to backdate her seniority by 4 years and 1 month from May 22, 1989, which produces a seniority date of

---

1. The district court's opinion misstated this figure as 4 years and 3 months.

April 16, 1985. She therefore suffered no harm. Second, Plaintiffs' exhibit 1 is a letter from four employees to Owen Bieber, President of the UAW. In it, the four plaintiffs stated that they were hired between December 1, 1980 and March 15, 1981, laid off on January 7, 1985, and rehired on May 22, 1989. Since these dates are the same or later than Roberta White's, these plaintiffs also deserve seniority dates of no earlier than April 16, 1985.

When an employee's underlying contractual claim lacks merit as a matter of law, the employee cannot complain that the union breached its duty of fair representation in failing to process his or her grievance. *Souter v. International Union, UAW*, 993 F.2d 595, 598 (7th Cir.1993); *Ooley v. Schwitzer Div., Household Mfg.*, 961 F.2d 1293, 1302–04 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992). Nor can the employee's suit against the employer succeed if the employee cannot demonstrate a breach by the union. *See United Parcel Serv. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *Souter*, 993 F.2d at 599. In this case, the plaintiffs failed to present facts showing that there was any genuine issue about their entitlement to earlier seniority dates. Consequently, the defendants were entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Wilson v. Williams*, 997 F.2d 348, 350 (7th Cir.1993).

On appeal, the employees make three other arguments for their position. First, they claim that Roberta White and others should have been placed in GM's Job Opportunity Bank Security (JOBS) Program. They claim that according to Appendix K of the 1984 GM–UAW National Agreement, laid-off employees do not lose seniority while they are enrolled in the JOBS program. The plaintiffs, however, did not raise this argument in the district court. Furthermore, Appendix K does not appear in the district court record. In fact, the excerpts from Appendix K reprinted in Appellants' Brief are so incomplete that it is impossible to determine whether any of the employees were actually entitled to benefits under the JOBS program. Ac-

cordingly, this argument fails. Second, the employees cite *Reed v. International Union, UAW*, 945 F.2d 198 (7th Cir.1991), another case in which this court construed paragraph 64(e), for the proposition that each employee was entitled to be rehired without losing seniority. *Reed* said nothing of the sort. We held in *Reed* that employees who were laid off under the 1976 National Agreement but had not broken seniority as of the effective date of the 1979 National Agreement were still entitled to the 60–month rehire rights described in paragraph 64(e) of the 1982 National Agreement. That issue is completely irrelevant to this case. Third, the employees contend that the inconsistency between Appendix D–1, which provides a seniority date of January 7, 1985 for all employees temporarily hired at other plants, and paragraph 64(e), renders the entire contract ambiguous. But there is no inconsistency. Appendix D–1 simply provides a minimum guarantee of seniority to one subset of laid-off employees who found jobs elsewhere; if those employees never broke seniority under paragraph 64(e), then they are entitled to the more generous seniority provisions specified there.

The UAW has requested sanctions against the employees for prosecuting a frivolous appeal. *See* Fed.R.App.P. 38. We have the power to impose sanctions when an appeal is frivolous, meaning that the "result is foreordained by the lack of substance of appellant's arguments." *City of East St. Louis v. Circuit Court for the Twentieth Judicial Circuit*, 986 F.2d 1142, 1145 (7th Cir.1993) (quoting *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir.1989) (en banc)). The employees could have defeated the defendants' motion for summary judgment by naming a single individual whose hire, layoff, and rehire dates entitled him or her to an earlier seniority date. That the employees have not done so in this court suggests that they know they are not entitled to relief. Nevertheless, it is possible that the employees believed in good faith, albeit too late, that they deserved to be enrolled in the JOBS program while laid-off. We therefore decline to impose sanctions.

The judgment is AFFIRMED. The request for sanctions is DENIED.