Marty GARY, Plaintiff,

v.

**ROADWAY EXPRESS, INC.,**
**et al., Defendants.**

No. 96 C 1412.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 8, 1996.

Donald R. Jackson, Peoria, IL, for Plaintiff.

Lisa Anne Lopatka, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for Defendants.

Barry Milton Bennett, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for Local 710 Int'l Brotherhood of Teamsters.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant International Brotherhood of Teamsters, Local 710's ("the Union"), motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b).

## I. BACKGROUND

The court fully set out the facts of this case in its earlier opinion granting summary judgment in favor of the defendant employer and several individual defendants. *See Gary v. Roadway Express, Inc.*, 941 F.Supp. 94, 95–96 (N.D.Ill.1996). Therefore, the court will not repeat the facts here.

## II. DISCUSSION

The Union makes two arguments in support of its motion for summary judgment. First, it contends that the same reasoning that resulted in summary judgment for plaintiff's employer applies equally to the Union, and therefore should result in summary judgment for the Union. Second, it contends that plaintiff's case is a hybrid claim for breach of duty of fair representation against the Union and breach of a collective bargaining agreement against the employer, and that an employee must prevail on both aspects of a hybrid claim. Thus, the grant of summary judgment on one aspect requires a grant of summary judgment on the other aspect.

**A. Whether the reasoning of the opinion granting plaintiff's employer's motion for summary judgment applies to the Union's motion for summary judgment**

■ In his complaint against his employer, plaintiff alleged that his employer breached its collective bargaining agreement by failing to reinstate plaintiff to his former job and restore his seniority and benefits after the final decision-making body under the collec-tive bargaining agreement ordered plaintiff reinstated to his former job.

In granting summary judgment in favor of the employer and individual defendants, the court found that plaintiff's claim for breach of the collective bargaining agreement did not present a case or controversy. The employer was not required to reinstate plaintiff to his job until plaintiff presented the employer with a medical release, which he had not yet done. Consequently, the employer had not had the opportunity to reinstate plaintiff to his former job or restore plaintiff's position of seniority, or to refuse to do either.

In addition, the court found that plaintiff had received all of the health and welfare benefits that initially were withheld, currently was receiving all of his benefits, and failed to show that he was damaged by the relatively short delay in receiving his benefits.

Finally, the court found that plaintiff's request for a declaration that his employer discharged him without just cause was moot, since the final decision-making body had already made the same declaration and cured the employer's illegal actions.

Against the Union, plaintiff alleges essentially that the Union failed to pursue plaintiff's various grievances fairly and adequately as it was bound to do by its duty of fair representation. Plaintiff alleges that this was because several Union officials were secretly hostile towards him because he filed charges against other Union officials.

Plaintiff's claim against the Union for breach of its duty of fair representation is factually and legally distinguishable from his claim against his employer for breach of the collective bargaining agreement. The claim against the Union relates to the Union's conduct during plaintiff's grievance procedures. The claim against the employer relates to the employer's conduct after plaintiff was ordered reinstated. Thus, the claims involve somewhat different time periods and events. Moreover, the legal bases of the two claims are different, and the proof required to sustain each claim is different.

Accordingly, the Union cannot benefit from the court's reasoning in granting the employer's motion for summary judgment

when the claims against the Union and employer are not factually or legally analogous.

### B. Whether plaintiff cannot prevail on his claim against the Union since he did not prevail on his claim against his employer

The Union contends that the Supreme Court and Seventh Circuit have held that an employee cannot prevail on only one aspect of a hybrid claim, but must prevail on both aspects. *See United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563–64, 67 L.Ed.2d 732 (1981); *Ooley v. Schwitzer Div., Household Mfg., Inc.,* 961 F.2d 1293, 1303–04 (7th Cir.), *cert. denied,* 506 U.S. 872, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992); *White v. General Motors Corp.,* 1 F.3d 593, 595 (7th Cir.1993). The holdings of these cases are narrower than the Union makes them out to be.

■ These cases actually hold that when an employee's cause of action against both his employer and union is based on the same occurrence or grievance, the employee cannot prevail on the fair representation claim based on the union's failure to process the employee's grievance if the grievance itself, and therefore the employee's claim against the employer, lacks merit. *See, e.g., Ooley,* 961 F.2d at 1304 (citing *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976); *United Steelworkers of America v. Nat'l Labor Relations Board,* 692 F.2d 1052, 1057 (7th Cir.1982); *Nat'l Labor Relations Board v. Eldorado Mfg. Corp.,* 660 F.2d 1207, 1214 (7th Cir.1981) ("liability for failure to process discharge grievances cannot attach unless the grievances would have been meritorious and unless the Union's failure to process was in bad faith")). *See also White,* 1 F.3d at 594–95 (where plaintiffs failed to present facts showing they were entitled to adjusted seniority dates, thereby making their breach of collective bargaining claim meritless, their breach of duty of fair representation claim based on same issue also was meritless).

This is so because the employee suffers no injury when the union fails to process a meritless grievance. *Ooley,* 961 F.2d at 1304 (citing *United Steelworkers,* 692 F.2d at 1058

("[s]ince there was no finding that the grievance had merit, it cannot be said that the Union caused any damage. . . ."); *Graf v. Elgin, Joliet and Eastern Ry. Co.,* 697 F.2d 771, 776 (7th Cir.1983) ("a union's failure to represent a worker in the grievance process injures him only if his grievance has merit—only if the collective bargaining agreement has been violated. . . .")).

■ This court did not find that the grievances that form the basis of plaintiff's breach of duty of fair representation claim were without merit. To the contrary, plaintiff's grievance against his employer regarding his firing was resolved in his favor, and so presumably had merit. The court has no definitive information regarding the outcome of plaintiff's grievance regarding his benefits. Nonetheless, it is uncontested that plaintiff eventually received all of the benefits to which he was entitled. Thus, plaintiff's grievance over benefits apparently had merit and was decided in his favor. Accordingly, the foregoing cases are inapposite to plaintiff's case.

Consequently, the Union cannot bootstrap its motion for summary judgment on the court's granting of summary judgment in favor of the employer.

### C. Other grounds for summary judgment in favor of the Union

■ Ironically, because plaintiff apparently succeeded on his grievances, the Union may be entitled to summary judgment on a basis not raised by the Union. Several Seventh Circuit cases have held that an employee has no cause of action against his union for breach of duty of fair representation if the employee has suffered no harm by the alleged breach. *See Souter v. Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 72,* 993 F.2d 595, 598 (7th Cir.1993) (summary judgment for union properly granted where union represented employee in grievance process, and employee won grievance against employer); *Garcia v. Zenith Elec. Corp.,* 58 F.3d 1171, 1180 (7th Cir.1995) (employee failed to show that outcome of case

would have been different had the union not breached its duty of fair representation).

It seems that even if the Union failed to represent plaintiff fairly and adequately on his grievances, plaintiff was not harmed by the Union's breach of its duty of fair representation because plaintiff ultimately either succeeded in getting what he sought through his grievances or was not yet entitled to what he sought.

However, since the Union has not raised this ground for summary judgment, plaintiff has not had an opportunity to respond to it. Therefore, the court will not grant summary judgment *sua sponte,* but the Union is free to file another motion for summary judgment raising this or any other meritorious issue.

### III. CONCLUSION

For the foregoing reasons, the court denies the Union's motion for summary judgment.