Singh v. Garland

BIA
A206 443 847

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

GURDEV SINGH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

No. 20-1855
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Jagbir S. Terkiana, San Jose, CA. |
| **FOR RESPONDENT:** | Brian Boynton, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Margot L. Carter, Senior Litigation |

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Gurdev Singh, a native and citizen of India, seeks review of a May 21, 2020 decision of the BIA denying his motion to reopen his removal proceedings based on ineffective assistance of counsel. *In re Gurdev Singh*, No. A 206-443-847 (B.I.A. May 21, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's denial of reopening because Singh timely petitioned for review of only that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). In considering challenges to the BIA's denial of reopening, "we review the factfinding below for abuse of discretion" and "we review de novo constitutional claims and questions of law." *See Luna v. Holder*, 637 F.3d 85, 102—03 (2d Cir. 2011).

In the removal proceeding context, "[i]neffective assistance of counsel . . . occurs when counsel's performance

2

impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause[,]" that is "when (1) competent counsel would have acted otherwise, and (2) the alien was prejudiced by counsel's performance." *Iavorski v. INS*, 232 F.3d 124, 128–29 (2d Cir. 2000) (internal quotation marks omitted).

The BIA erred in concluding that Singh failed to establish ineffective assistance of counsel. The immigration judge ("IJ") found that Singh was not credible because he claimed in his asylum application that he stopped working as a farmer in India in June of 2013 and that he left India in July of 2013. These dates contradicted one of the central claims in Singh's various petitions for relief: that he was attacked in India in August of 2013. Singh testified to the IJ that he departed India in September of 2013. When the IJ flagged that this testimony was inconsistent with the dates provided in his asylum application, Singh testified that he did not understand, could not explain the discrepancy, and reiterated that he left India in September of 2013. Singh's testimony that he was attacked in August of 2013 and fled India in September of 2013 is consistent with a written declaration provided by Singh in this matter, the oral

testimony he gave during his credible fear interview, affidavits from family members, and an affidavit of a physician who claims to have treated Singh for "[b]lunt injuries of back and legs and nasal bleedings" in a hospital in Jalmana, India on August 18, 2013.

Singh's former counsel, Mukta Chand ("Chand") informed the IJ that the June and July dates in the asylum application were errors. The IJ rejected this explanation, found Singh's testimony about the attacks in India to lack credibility, and denied asylum, withholding of removal, and CAT relief. Singh appealed, but the BIA affirmed the IJ's decision. Singh did not petition for review in this Court.

Instead, Singh filed a timely motion to reopen with the BIA, arguing that his former counsel, Chand, was ineffective. As is relevant here, Singh alleges that he knew Chand had entered incorrect dates in his asylum application concerning the end of his employment and his departure from India, that he had asked her to correct the errors, and that she failed to do so. In response to the bar complaint that Singh filed against her, Chand claims that Singh himself provided her with the disputed dates, and that she simply relied on Singh's representations.

4

The BIA denied Singh's motion to reopen, finding that he did not persuasively demonstrate that Chand introduced the alleged errors into the application. The BIA weighed Singh's allegations in his motion against Chand's statements and the fact that Singh swore at his immigration hearing that the contents of his application were read to him in his native language and were correct. The BIA credited Chand's version of events and concluded that because Singh gave Chand the incorrect dates, he did not suffer from ineffective assistance of counsel.

While the BIA did not abuse its discretion in crediting Chand's version of events over Singh's, the BIA erred as a matter of law in concluding that Singh had not established that he received ineffective assistance of counsel. Even assuming that Chand's version of events is accurate, Chand's representation of Singh was inadequate. In Chand's telling, Singh provided her with incorrect dates, and she simply recorded those dates in the application notwithstanding that the dates plainly rendered his timeline impossible. She then realized during the IJ hearing that the dates were erroneous, and argued in her brief on appeal to the BIA that the dates included in the asylum application were erroneous.

5

Chand's failure to address the plainly inconsistent dates to fix what she herself claims were errors renders her performance incompetent. Competent counsel would have realized when preparing the application, and in preparing for the hearing, that the dates included in the asylum application did not make sense. Competent counsel would have recognized that one cannot have fled India in July of 2013 and then have been attacked in India in August of 2013. Competent counsel would have worked with their client to confirm the correct timeline and fix the error before submitting the application.

While even "unwise" tactical or strategic decisions "that ultimately fizzle and redound to the client's detriment" do not necessarily constitute ineffective assistance of counsel, *see Jiang v. Mukasey*, 522 F.3d 266, 270-71 (2d Cir. 2008), there is no possible strategic or tactical reason for allowing a client to submit an asylum application that presents a timeline that is facially impossible. And while an attorney can be forgiven for overlooking minor inconsistencies, an attorney's failure to flag and resolve a factual error that renders their client's claims for relief incomprehensible is the kind of mistake that "self-evident[ly]" constitutes ineffective assistance of counsel. *Cf. Aris v. Mukasey*, 517

6

F.3d 595, 596 (2d Cir. 2008) (explaining that it is "self-evident" that failing to properly advise a client as to the date of their immigration hearing constitutes ineffective assistance of counsel).

Chand's failure to flag and resolve the mistaken dates, furthermore, plainly prejudiced Singh. As the government concedes, the IJ based the adverse credibility finding solely on the inconsistency between Singh's testimony regarding the August 2013 attack and the dates listed in Singh's asylum application. Singh has therefore established that he was deprived of effective assistance of counsel during his removal proceedings in violation of his due process rights. *See Iavorski*, 232 F.3d at 128–29.

For the foregoing reasons, the petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

7