**Cherie LUNA, Plaintiff,**

v.

**WALGREENS, Defendant.**

No. 95 C 0183.

United States District Court,
N.D. Illinois,
Eastern Division.

May 30, 1995.

Richard S. Mittelman, Morgan, Mittelman & Rapin, Lake Zurich, IL, for plaintiff.

Debra L. Duzinskas, Carol Berlin Manzoni, Ross & Hardies, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff brings this two count complaint, alleging violations of the Americans with Disabilities Act and the Illinois Human Rights Act. Presently before the court is defendant's motion to dismiss the retaliation claim in Count I of the complaint, which we have converted to a motion for summary judgment.[1] For the reasons set forth below, defendant's motion is granted.

### I. Background

Plaintiff Cherie Luna began working at defendant Walgreens, Inc. in 1982. In her complaint, she alleges that she was discharged in July, 1992, due to a medical condition called urethra stricture. This condition

---

1. Walgreens also asserted that Luna's Illinois Human Rights Act claim should be dismissed. Luna, apparently conceding that Walgreens' mo- tion with respect to Count II is well taken, has voluntarily dismissed that claim.

makes it difficult for Luna to urinate freely, such that it takes her fifteen to thirty minutes to empty her bladder. Following her termination, Luna filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In her EEOC charge, Luna checked the box marked "DISABILITY" as the basis for the alleged discrimination. She did not check the box marked "RETALIATION." In the charge, she explained the "particulars" of the alleged discrimination as follows:

I. I had been employed by the above-named Respondent since November, 1982. On July 31, 1992, I was terminated.

II. Respondent's reason for my termination was that he could no longer deal with my disability.

III. I believe that I have been discriminated against because of my disability in violation of the Americans with Disability [sic] Act.

Luna provided no further allegations or elaboration in her charge to the EEOC.

After receiving a right to sue letter, Luna filed the present action. In Count I, she asserts that she was terminated due to her disability and Walgreens' refusal to make reasonable accommodations for her, and "because of her insistence on the exercise of her rights protected by" the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Interpreting the latter language as a retaliation claim, Walgreens moved to dismiss, asserting that a claim of retaliation had not been presented in the EEOC charge. In support, it attached a copy of the charge to its motion to dismiss. Noting that the charge had not been attached to the complaint, and that it was only referred to in passing in the text of the complaint, we questioned whether the issue was appropriately raised in a motion to dismiss. In an overabundance of caution, we converted defendant's motion to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b), and provided both parties an opportunity, as required by that rule, to supplement the materials they had already provided the court. The parties have rested on their previous filings, and we therefore reach the merits of the summary judgment motion.

## II. Summary Judgment Standard

■ Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and.... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleading, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

■ Filing of a charge of discrimination with the EEOC is a condition precedent to filing a lawsuit in federal court. 42 U.S.C. § 12117(a). There are two reasons for this requirement: "it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992) (citing *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir.1985)) (construing Title VII requirement). As a result, "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." *Rush,* 966 F.2d at 1110. More specifically, claims of discrimination that are cognizable are only those that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Babrocky,* 773 F.2d at 864 (internal quotations omitted).

As discussed above, the only box Luna marked on the EEOC charge was disability; the retaliation box was not checked. Luna

argues, however, that we should look beyond the box checked and consider the textural statements in her EEOC charge. While we have no quarrel with this assertion, *see, e.g., Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168 (7th Cir.), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976), it is of no assistance to Luna in the present action. In *Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534 (7th Cir.1988), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989), the court faced a situation similar to that presented here. The plaintiff, Steffen, had filed an EEOC charge, in which he marked the "age" box and asserted that he had been terminated and replaced by a younger man due to his age. He did not mark "retaliation" as a basis for his claim, nor did he mention retaliation in the text of the charge. He filed a complaint in federal court alleging, *inter alia,* retaliatory discharge. The district court granted summary judgment to the defendant on that claim, and the Seventh Circuit affirmed, noting that "[t]here is no mention of retaliation or any other words to that effect [in the EEOC charge]." *Id.* at 544.

■ The same is true here. It is undisputed that Luna did not check the box marked "retaliation." Instead, Luna claims that her statement that she was terminated because her employer "could no longer deal with my disability" is sufficient to bring retaliation within the scope of the EEOC charge. This statement, however, is merely indicative of discrimination; even under a generous reading, it does not suggest retaliation. *See id.* at 544–45 (plaintiff's contention that retaliation could be inferred from his EEOC allegation regarding employer's "pretextural" reasons for termination "miss[ed] the mark by a wide margin;" such allegations went to claim of discrimination, rather than retaliation). In short, we conclude that Luna's retaliation claim "injects an entirely new theory of liability into the case[,] alleging unlawful activity of a much different nature than the [disability] discrimination alleged in the charge." *Id.* at 545 (collecting cases).[2] Accordingly, defendants are entitled to summary judgment on the retaliation claim.[3]

## IV. Conclusion

For the reasons set forth above, defendant's motion with respect to Count I is granted, and Count II is voluntarily dismissed. It is so ordered.

---

2.  Luna's reliance upon *EEOC v. St. Anne's Hosp. of Chicago,* 664 F.2d 128 (7th Cir.1981), is misplaced. In *St. Anne's,* the EEOC informed the defendant that retaliation was an issue in the case and actually investigated a claim of retaliation, facts not present in this case. *Id.* at 130–31. Indeed, *Steffen* expressly distinguishes *St. Anne's* on those grounds. *Steffen,* 859 F.2d at 545 n. 2.

3.  Luna also quixotically suggests that she is not asserting a separate claim for retaliation. In her complaint, however, she expressly alleges a violation of Section 503(a) of the ADA, which deals solely with retaliation. *See* 42 U.S.C. § 12203(a). Furthermore, the language of her complaint suggests that she is seeking relief based upon both discrimination and retaliation. In any event, for the reasons discussed above, to the extent that Luna is alleging retaliation, that claim is dismissed.