**Marty GARY, Plaintiff,**

v.

**ROADWAY EXPRESS, INC.,
et al., Defendants.**

No. 96 C 1412.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 25, 1996.

Lisa Anne Lopatka, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for Roadway Express, Bill Eaton, Jack Coyle, Jim Crowe & Tomm Forrest.

Barry Milton Bennett, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for Local 710 Int'l Brotherhood of Teamsters.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Roadway Express, Inc.'s, Bill Eaton's, Jack Coyle's, Jim Crowe's, and Tomm Forrest's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the reasons that follow, the court grants defendants' motion for summary judgment.

## I. BACKGROUND [1]

Gary worked for Roadway Express, Inc., as a truck driver. On April 1, 1995, Gary and his co-driver were involved in an accident in which their truck rolled over several times, damaging the truck and its cargo. After investigating the accident, Roadway found that Gary's co-driver fell asleep at the wheel, and that Gary was partially responsible in that he coerced his co-driver to remain awake for far longer than the permissible period. Roadway also found that Gary falsified his daily time logs by recording drive time when he was not driving. Based on its findings, Roadway fired Gary on April 7, 1995, but effective April 2, 1995. At the time he was fired, Gary was not working because of injuries he sustained in the truck accident.

Following the accident and his subsequent discharge, Gary filed a grievance over his discharge, following the grievance procedure set forth in the collective bargaining agreement between Roadway and the union that represented Gary. On August 2, 1995, the Joint State Committee heard but was unable to resolve Gary's grievance. However, on September 12, 1995, the Joint Area Committee, whose decision regarding Gary's grievance is final and binding on all parties, found that Gary was fired without just cause. The Joint Area Committee then ordered Roadway to reinstate Gary 30 days from the date he receives a release from his doctor stating that he can return to his regular duties, with the 30 days being a disciplinary suspension without compensation.

Since the date of the Joint Area Committee's order, Gary has not received a release from his doctor stating that he can return to his regular duties. Also, from the time of his firing until about a month and a half following the Joint Area Committee's order, Roadway withheld Gary's health and welfare benefits. However, on October 25, 1995, Roadway paid the benefits it had withheld from Gary in a lump sum, and subsequently has paid all the benefits due Gary. Finally, when Gary was fired, Roadway took away Gary's seniority position, and has not yet restored it, though Gary has filed a grievance to have his seniority restored.

In March 1996, Gary filed a lawsuit against Roadway, several Roadway employees, his union, and several union agents under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Gary characterizes his action as one "to recover compensatory and punitive damages for discharge and deprivation of fringe benefits by [Roadway] in breach of the collective bargaining agreement and breach by [the union] of its duty of fair representation...." (Compl. at 2.)

Specifically with respect to Roadway, Gary asks that the court find that Roadway discharged Gary without just cause, in breach of Gary's rights under the collective bargaining agreement; order Roadway to reinstate Gary in his previous job; order Roadway to reinstate Gary's health and welfare benefits and pay all claims that arose under the benefits from April 1, 1995, to the present; order Roadway to restore Gary's seniority; and award Gary compensatory and punitive damages, costs, and attorney's fees. (Compl. at 7–8.)

---

1. The following facts are undisputed, and are taken from the parties' statements of facts pursu-ant to Local Rules 12(M) and 12(N) and the complaint.

Roadway and its employees who were named as defendants[2] (collectively, "defendants") now have moved for summary judgment, contending that Gary's complaint presents no justiciable case or controversy against defendants.

## II. DISCUSSION

### A. Standard for deciding summary judgment motion

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the moving party to show that no genuine issues of material fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the moving party presents a *prima facie* showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir.1989). All reasonable factual inferences must be viewed in favor of the non-moving party. *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989).

### B. Whether a case or controversy exists

" 'The exercise of judicial power under Art[icle] III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.' " *U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 2178, 124 L.Ed.2d 402 (1993) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975)).

A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising of what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617, *reh'g denied*, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937) (citations omitted).

In other words, for a plaintiff to present a case or controversy, the plaintiff must seek "[a] declaration of rights as they stand, ... not on rights which may arise in the future, ... and there must be an actual controversy over an issue, not a desire for an abstract declaration of the law." *In re Summers*, 325 U.S. 561, 567, 65 S.Ct. 1307, 1311, 89 L.Ed. 1795, *reh'g denied*, 326 U.S. 807, 66 S.Ct. 94, 90 L.Ed. 491 (1945) (citations omitted).

Defendants contend that Gary's complaint presents no case or controversy because, since Gary has not yet been released to return to work, Roadway has not yet had the opportunity to comply with the Joint Area Committee's ruling that Gary be reinstated to his job 30 days after he receives a release to return to his regular duties. That is, the condition precedent to Gary's rein-

---

2. In his complaint, Gary nowhere mentions defendants Eaton, Coyle, Crowe, and Forrest, all Roadway employees, other than in the opening paragraph, in which he states the names of all of the defendants. Since Gary has made no separate allegations with respect to the individual Roadway defendants, the court assumes the allegations against Roadway are also against the individual Roadway defendants.

Moreover, Gary sued Mike Scott, another Roadway employee, but never served him with the complaint. Thus, Scott is not a movant. However, the court notes that its reasoning and ruling with respect to the other Roadway defendants apply equally to Scott.

statement has not yet occurred, so it is impossible for Roadway to have breached the collective bargaining agreement.

The court agrees. What Gary seeks with respect to his reinstatement is an "opinion advising of what the law would be upon a hypothetical state of facts," *Haworth,* 300 U.S. at 240–41, 57 S.Ct. at 464, or a "declaration of rights ... which may arise in the future." *Summers,* 325 U.S. at 567, 65 S.Ct. at 1311. The court cannot determine whether defendants have violated the collective bargaining agreement by refusing to abide by the Joint Area Committee's ruling until Gary tenders his release. Since he has not done so, there is nothing for the court to decide. Therefore, Gary has presented no case or controversy with respect to his reinstatement.

■ Gary counters that paragraph 10 of his complaint alleges that defendants withheld his health, welfare, pension, and workers' compensation benefits and seniority even after the Joint Area Committee's decision that Gary was entitled to be reinstated. Gary contends that the benefits were not reinstated until the international union intervened on his behalf and threatened to strike Roadway if the benefits were not reinstated. He argues that the fact that Roadway reinstated his health and welfare benefits in a lump sum is not dispositive of the issue of whether he is entitled to recover damages for the period of time Roadway refused to honor the decision of the Joint Area Committee. Gary also argues that the seniority issue remains unresolved. Thus, Gary argues, summary judgment is not appropriate.

It is undisputed that Gary's benefits were restored within a month and a half after the Joint Area Committee issued its ruling that Gary was entitled to be reinstated. Even though Gary may have had to turn to his international union for help, the fact remains that Gary ultimately was not deprived of his benefits.

Furthermore, neither Gary's complaint nor his 12(N) statement of facts alleges that Roadway's withholding of his benefits caused Gary any lasting damage that remains to be cured. In opposing defendants' motion for summary judgment, Gary "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Co.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rather, Gary must offer evidence—and more than a mere "scintilla of evidence," *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991)—on which a trier of fact could find for him. Gary has offered no evidence whatsoever regarding how he was damaged by Roadway's withholding of his benefits.

Accordingly, the court finds that Gary has not demonstrated that a genuine issue of material fact exists regarding whether Gary is entitled to recover damages for the time during which Roadway withheld his benefits.

Moreover, the court finds that Gary's claim to seniority is of the same vein as his claim for reinstatement. Since Gary has not yet satisfied the condition precedent to his reinstatement, Roadway has not yet reinstated him to his former job, and therefore has not yet had the occasion either to restore Gary's seniority or to deprive him of his seniority. Thus, as with Gary's request for reinstatement, his seniority claim is of "a hypothetical or abstract character," *Haworth,* 300 U.S. at 240–41, 57 S.Ct. at 464, seeking "a declaration of rights ... which may arise in the future." *Summers,* 325 U.S. at 566, 65 S.Ct. at 1311.

■ Last, though Gary does not raise the issue, the court finds that Gary's request for a declaration that Roadway discharged him without just cause is moot, since the Joint Area Committee already made the same declaration and cured Roadway's illegal actions.

In sum, the court finds that all of Gary's claims against defendants are either hypothetical or moot, and therefore that Gary has presented no justiciable case or controversy against defendants. Accordingly, the court grants defendants' motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion for summary judgment.