**Eli BLUMENTHAL, Plaintiff,**

v.

**George MURRAY, Sharon Cruse–Boyd, and the Chicago Housing Authority, a Municipal Corporation, Defendants.**

No. 96 C 2895.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 5, 1996.

---

6. The sole factor established is common ownership.

Martin A. Blumenthal, Chicago, IL, for Plaintiff.

Timothy Fair, Jacqueline Lee–Harris, Chicago Housing Authority, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). For the reasons discussed hereafter, Defendants' motion is granted. This matter is dismissed.

### I. BACKGROUND

Plaintiff Eli Blumenthal has been employed by Defendant Chicago Housing Authority's ("CHA") Police Department as a captain since March of 1990. In December of 1994, Blumenthal underwent bypass surgery. In September of 1996, Blumenthal began experiencing serious medical problems and commenced paid medical leave on September 6, 1996.

Thereafter, Blumenthal attempted to utilize unpaid medical leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Defendant George Murray—Chief of Police of the CHA—and Defendant Sharon Cruse–Boyd—Director of Human Resources of the CHA—threatened to terminate Blumenthal if he attempted to seek leave under the FMLA.

Blumenthal subsequently requested FMLA leave on January 11, 1996, and also filed a complaint with the U.S. Department of Labor. The administrative complaint al-

leged that Defendants had improperly denied Blumenthal his rights under the FMLA and failed to comply with several provisions enacted pursuant to the FMLA.

On January 26 and February 26, 1996, Murray and Cruse–Boyd again threatened Blumenthal with termination. A pre-termination hearing was scheduled for April 4, 1996.

In April of 1996, Blumenthal filed a complaint in this Court seeking injunctive and declaratory relief alleging that Defendants violated his rights under the FMLA, 29 U.S.C. § 2601, *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

## II. DISCUSSION

This matter is before the Court on Defendants' motion to dismiss. Defendants offer several arguments as to why Blumenthal's various claims should be dismissed. Following a statement of the legal standard for analyzing a motion to dismiss, the Court must address one procedural issue, then it will address the merits of the motion.

### A. Motion to Dismiss—Legal Standard

In ruling on a motion to dismiss, the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Dismissal is not granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. The Procedural Issue

Instead of responding to the issues raised in Defendants' motion to dismiss, Blumenthal's first response discusses whether the CHA is a municipal corporation.[1] Because, in Blumenthal's opinion, the CHA is not a municipal corporation, it has no authority to file a pleading in this litigation. Therefore, Blumenthal wants the Court to allow for the substitution of the proper party in order to file the pleading.[2]

The Court fails to see the logic supporting Blumenthal's position.

First, it should be noted that Blumenthal's complaint alleges that the CHA is in fact a municipal corporation.

Next, following Blumenthal's reasoning, if the CHA is not a municipal corporation, then it appears that it should not have been named as a defendant in this action. If the CHA cannot file a motion to dismiss, how can it be sued?

Moreover, what prevents counsel from the CHA from filing a motion to dismiss on behalf of Murray and Cruse–Boyd?

### C. The Motion to Dismiss

#### 1. The Family and Medical Leave Act

One of the purposes of the FMLA is to balance the demands of the workplace with the needs of employees to take reasonable leave for certain medical conditions. 29 U.S.C. § 2601(b). As noted, Blumenthal argues that Defendants' conduct violated the provisions of the FMLA. As a result of the violations, Blumenthal requests: (1) a declaration that the conduct violated the FMLA; (2) a declaration that Murray and Cruse–Boyd failed to comply with the notice provisions of the FMLA, *see* 29 U.S.C. § 2619; (3) injunctive relief to restrain Defendants from threatening Blumenthal with termination; and (4) injunctive relief requiring Defendants to immediately post the pertinent FMLA information pursuant to § 2619. For the reasons discussed below, the Court finds that

---

**1.** The Court directed Blumenthal to respond to the arguments raised in the motion to dismiss. Eventually, he responded, but he nevertheless ignored many of the issues raised in the motion.

**2.** Apparently, Blumenthal claims that the proper party is the United States Department of Housing and Urban Development—HUD.

it lacks jurisdiction over the FMLA claim because the requested relief is either moot or unavailable to a private plaintiff.

### a. The Mootness Doctrine

■■■ "Article III of the Constitution limits the judicial power of the United States to the resolution of 'cases' and 'controversies.'" *Doe v. County of Montgomery, Ill.,* 41 F.3d 1156, 1158 (7th Cir.1994). If an action becomes moot, a case or controversy no longer exists and the court therefore lacks jurisdiction to decide the dispute. Generally speaking, "[a] case becomes moot when the dispute between the parties no longer rages," *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994), or, stated differently, "when the issues presented are no longer 'live.'" *In the matter of Establishment Inspection of Caterpillar Inc.,* 55 F.3d 334, 336 (7th Cir.1995). The fact that the parties' psyches may remain deeply engaged with the merits of the litigation is irrelevant. *Air Line Pilots Ass'n Int'l v. UAL Corp.,* 897 F.2d 1394, 1396 (7th Cir.1990).

■■■ Here, the first type of relief requested by Blumenthal is a declaration that Defendants conduct violated the FMLA. Blumenthal, however, essentially has already received such a declaration. As mentioned, Blumenthal filed an administrative complaint with the U.S. Department of Labor ("DOL") earlier this year. The DOL agreed with Blumenthal that Defendants' conduct violated the FMLA. Indeed, to make him whole, the DOL directed the CHA (1) to reinstate Blumenthal to his former position after his FMLA leave expired on April 19, 1996 and (2) to repay Blumenthal the share of the insurance premium that he paid since it was the CHA's obligation to cover the premium.[3] The CHA complied with the DOL's directions. Accordingly, since Defendants' conduct has already been declared as violative of the FMLA, there is no longer a dispute and the issue is moot. *See Gary v. Roadway Express, Inc.,* 941 F.Supp. 94, 97 (N.D.Ill.1996) ("[T]he court finds that Gary's request for a declaration that Roadway discharged him without just cause is moot, since the Joint Area Committee already made the same declaration and cured Roadway's illegal actions.").[4]

■■■ Next, Blumenthal requests injunctive relief restraining Murray and Cruse–Boyd from threatening him with termination. In the pleadings, however, both parties have informed the Court that Blumenthal was terminated for failing to report to work on April 19, 1996—the date his FMLA leave expired. Thus, since Blumenthal is no longer employed by the CHA, Murray and Cruse–Boyd obviously can no longer threaten to terminate him. Accordingly, the requested injunctive relief is also moot.[5]

### b. Unavailable Relief

■■■ Blumenthal also requests a declaration that Defendants have not complied with the FMLA's notice provisions—§ 2619—and an injunction requiring Defendants to immediately post the required notices. It appears to the Court, however, that such relief is

---

**3.** The relief awarded to Blumenthal was not contained within the allegations of his complaint. That information came from a document attached to Defendants' motion to dismiss. Because the Court is ruling on a motion to dismiss, Blumenthal may believe that the Court is limited to the allegations of the complaint when analyzing the instant dispute. However, when determining whether jurisdiction exists, the court may look beyond the allegations of the complaint and view whatever evidence has been submitted. *See Schaefer v. Transp. Media, Inc.,* 859 F.2d 1251, 1253 (7th Cir.1988); *Roman v. U.S. Postal Service,* 821 F.2d 382, 385 (7th Cir.1987).

**4.** It should also be noted that Blumenthal's complaint fails to allege the necessary elements to maintain an action under the FMLA. To be an "eligible employee" under the FMLA, Blumen-

thal must have worked 1,250 hours in the twelve-month period preceding the leave period at issue. 29 U.S.C. § 2611(2)(A)(ii); *see Blidy v. Examination Management Servs., Inc.,* No. 96 C 3553, 1996 WL 568786 *3 (N.D.Ill. Oct. 2, 1996). Blumenthal's complaint is devoid of such an allegation.

Additionally, since only "employers" are bound by the FMLA provisions and thus can be held liable under the FMLA, Blumenthal was required to allege that the CHA, Murray, and Cruse–Boyd are "employers" under the act. 29 U.S.C. § 2611(4)(A)(I), (ii); *see Burke v. Nalco Chemical Co.,* No. 96 C 981, 1996 WL 411456 *2 (N.D.Ill. July 18, 1996). Such an allegation is missing from the complaint.

**5.** Blumenthal's complaint contains no allegations that he was improperly terminated.

available only to the Secretary of Labor, not a private plaintiff.

Section 2617(a) authorizes a civil action against the employer by the "eligible employee." An employer is liable to the employee only for violations of § 2615. 29 U.S.C. § 2617(a). The notice provisions are contained in § 2619. Accordingly, the Court finds that a private plaintiff who qualifies as an "eligible employee" has no basis to seek relief by asserting a violation of § 2619's notice requirement. *See Jessie v. Carter Health Care Center, Inc.,* 926 F.Supp. 613, 617 (E.D.Ky.1996) ("[A] private right of action does not exist for a violation of the notice requirement."); *see also, Hendry v. GTE North, Inc.,* 896 F.Supp. 816, 828 (N.D.Ind.1995). Thus, Blumenthal has not stated a claim for relief under the FMLA regarding the alleged notice violations.

**2. The Americans With Disabilities Act**

Blumenthal's complaint also alleges that Defendants' conduct violated the ADA. Defendants argue that because Blumenthal failed to file a charge with the Equal Employment Opportunity Commission complaining of the discrimination, he cannot maintain a suit in federal court. The Court agrees. *See* 42 U.S.C. § 12117(a); *Martini v. A. Finkl & Sons Co.,* No. 96 C 0756, 1996 WL 667816 *5 (N.D.Ill. November 15, 1996) ("The ADA, which adopts the procedures set forth in Title VII, requires the filing of a timely charge with the EEOC and the receipt of notice of right to sue in order to commence a federal suit under its provisions."); *Luna v. Walgreens,* 888 F.Supp. 87, 88 (N.D.Ill.1995). Blumenthal's response failed to address the issue; thus, apparently he concedes that his ADA claim is a loser.

**3. The Rehabilitation Act**

Finally, Blumenthal's complaint states that Defendants' conduct violated the Rehabilitation Act.[6] Defendants argue that Blumenthal's complaint lacks the requisite allegations to state a claim under the Rehabilitation Act. The Court agrees.

To establish a *prima facie* case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is handicapped within the meaning of the Act; (2) he is otherwise qualified for the position at issue; and (3) he was excluded or discharged from the position solely because of his handicap. *See Randle v. Bentsen,* 19 F.3d 371, 374 (7th Cir.1994). Here, Blumenthal fails to allege that he is a handicapped person within the meaning of the Rehabilitation Act. Accordingly, the Rehabilitation Act claim is dismissed for failure to state a claim upon which relief can be granted.

**III. CONCLUSION**

The FMLA and ADA claims are dismissed with prejudice. The Rehabilitation Act claim is dismissed without prejudice. The plaintiff is given 10 days to file an amended complaint as to the Rehabilitation Act claim only.

---

**6.** Although Blumenthal's complaint states that Defendants' conduct violated the Rehabilitation Act, it does not appear that he seeks any relief for the alleged violation. His complaint seeks relief only for the alleged violations of the FMLA.