**Marty GARY, Plaintiff,**

v.

**ROADWAY EXPRESS, INC.,
et al., Defendants.**

**No. 96 C 1412.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 21, 1997.

Donald R. Jackson, Peoria, IL, for Plaintiff.

Barry Milton Bennett, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant International Brotherhood of Teamsters, Local 710's ("Local 710"), motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the reasons that follow, the court grants Local 710's motion for summary judgment.

### I. BACKGROUND [1]

Plaintiff Marty Gary, who worked for Roadway Express, Inc. ("Roadway"), as a truck driver, was injured in a truck accident on April 1, 1995. Roadway found that Gary's co-driver fell asleep at the wheel, and that Gary was partially responsible in that he coerced his co-driver to remain awake for far longer than the permissible period. Roadway also found that Gary falsified his daily time logs by recording drive time when he was not driving. Based on its findings, Roadway fired Gary effective April 2, 1995.

As soon as he found out he had been fired, Gary filed a grievance with his union about his discharge. At first, some Local 710 representatives told Gary that his grievance was untimely, but Gary proved with certified mail receipts that he had timely filed the grievance, and Local 710 thereafter represented Gary throughout the grievance process. Another Local 710 representative, Willie Brand, incorrectly told Gary that his grievance could not be heard until Gary was released from the doctor and off of workers' compensation. However, Gary did not believe Brand's statement to be correct, and verified with his union steward that it was not correct.

Also right after he was fired, Gary found out that Roadway was refusing to pay his health and welfare benefits. Because his wife was scheduled for surgery, Gary immediately called Local 710 representative Jim Harding to ask if he was covered by Roadway's benefits. Harding told Gary that he was covered for a year, but later that night called Gary back and told Gary that he had been mistaken, and that Gary was not covered because he had been fired.

Notwithstanding what Brand told Gary, Gary's grievance over his discharge was heard in August and September 1995. On September 13, 1995, the Joint Area Committee ("JAC"), the final decision-making body regarding Gary's grievance, found that Gary was fired without just cause and ordered Roadway to reinstate Gary 30 days from the date he receives a release from his doctor, with the 30 days being a suspension without pay.

Even after the JAC's order, Roadway continued to refuse to pay Gary's health and welfare benefits. On September 22, 1995, Gary contacted Bob Falco, then Local 710's business manager, to ask him why Roadway still was refusing health and welfare coverage to Gary. Gary also called Frank Wsol, Local 710's secretary and treasurer, to ask for his help in getting Gary's benefits reinstated, but Wsol referred Gary's call to Falco. At some point after he was fired but before his benefits were reinstated, Gary also contacted the International Brotherhood of Teamsters for help in getting his benefits reinstated.

On September 25, 1995, Falco spoke by telephone with the JAC chairman about Gary's benefits and sent a follow-up letter inquiring whether Roadway's refusal to pay benefits to Gary was correct. Falco also arranged for Gary's grievance regarding his benefits to be heard by the arbitration committee on November 1, 1995. Harding attended the November 1, 1995, meeting with Gary, but before the case was heard, a Roadway representative informed Gary and Harding that Roadway had paid the benefits. Roadway paid all the benefits it owed Gary on October 25, 1995, and since then has continued to pay Gary benefits.

However, Gary was not satisfied with Local 710's representation of him, so he filed this breach of duty of fair representation claim against Local 710 under section 301 of the Labor Management Relations Act of 1947

---

1. The following facts are taken from the parties' Local Rule 12(M) and 12(N) statements of facts and accompanying exhibits, and are uncontested, unless otherwise noted.

("LMRA"), 29 U.S.C. § 185.[2] Local 710 now moves for summary judgment on Gary's breach of duly of fair representation claim.

## II. DISCUSSION

### A. Standard for deciding summary judgment motion

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the moving party to show that no genuine issues of material fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Once the moving party presents a *prima facie* showing that it is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir.1989). All reasonable factual inferences must be viewed in favor of the nonmoving party. *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989).

### B. Breach of duty of fair representation

 To prevail on a claim for breach of duty of fair representation, a plaintiff must demonstrate that (1) the union's actions were arbitrary, (2) the union acted discriminatorily; or (3) the union acted in bad faith. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991); *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). A

union owes employees a duty to represent them adequately as well as honestly and in good faith. *O'Neill*, 499 U.S. at 75, 111 S.Ct. at 1134. "[A] union's actions are arbitrary only if . . . the union's behavior is so far outside 'a wide range of reasonableness' as to be irrational." *O'Neill*, 499 U.S. at 67, 111 S.Ct. at 1130 (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953)).

Local 710 contends that it deserves summary judgment because its representation of Gary was appropriate and effective in all respects. In order to defend successfully against Local 710's motion for summary judgment on his breach of duty of fair representation claim, Gary must point the court to evidence supporting any one or all of the elements of his claim. *See* FED.R.CIV.P. 56(e); *Griffin v. Air Line Pilots Ass'n, Int'l*, 32 F.3d 1079, 1083 (7th Cir.1994). Gary has not done so.

Gary's allegation that the International Brotherhood of Teamsters, and not Local 710, assisted him in obtaining his health and welfare benefits is totally unsupported by evidence. Rather, the evidence shows clearly that even if the International Brotherhood of Teamsters intervened on Gary's behalf, so did Local 710. Gary has presented no evidence to indicate that it was only the International Brotherhood of Teamsters' actions, and not Local 710's, that led to Roadway's change of heart about Gary's benefits.

Moreover, Gary's assertions that Local 710 did not arrange for his benefits grievance to be presented on November 1, 1995, and that he processed his own grievance without the assistance of Local 710, not only are not supported by his deposition testimony but actually are contradicted by his own testimony as well as the affidavits of Bob Falco and Jim Harding.

In addition, while Gary contends that he lost confidence in Local 710 because he had to call his union steward to file his initial grievance, rather than his union steward or Local 710 calling him first, Gary presents

---

**2.** Gary also sued Roadway and several individual defendants under section 301. On October 25, 1996, the court granted summary judgment in favor of all defendants but Local 710, which had

not yet moved for summary judgment. *See Gary v. Roadway Express, Inc.*, 941 F.Supp. 94 (N.D.Ill.1996).

absolutely no evidence that it was common practice for Local 710 to make the initial contact with an employee who had suffered some adverse employment action. In fact, Gary's suggestion that Local 710 should have contacted him first is a little illogical, since presumably Local 710 would not have known about Gary's problems until Gary informed it of them.

Finally, despite the fact that Falco, Harding, and other Local 710 representatives might have given Gary incorrect information regarding his grievances and benefits, they ultimately pursued and won Gary's grievances. Gary has presented no evidence that Local 710 intended to mislead him. Moreover, he has presented no evidence to show that the misinformation impeded or even affected Local 710's representation of him in any way. Thus, Gary has failed to point to any evidence to support the arbitrary conduct element of his breach of duty of fair representation claim.

Similarly, Gary has presented no evidence to show that Local 710 acted in bad faith or discriminatorily against Gary. In fact, in his deposition, Gary acknowledged that prior to his accident, he never felt that any union official bore any ill will toward him, and he pointed to no specific facts showing that this changed after his accident. Thus, Gary has failed to support with evidence the second and third elements of his breach of duty of fair representation claim.

■ Local 710, in contrast, has presented substantial and uncontroverted evidence that shows that Local 710 acted on Gary's behalf at all times in pursuing his grievance regarding his discharge and in attempting to resolve Gary's problem regarding his health and welfare benefits. All of the evidence before the court shows that, at worst, Local 710 waited for Gary to file his initial grievance rather than contacting him first; some Local 710 officials gave Gary inaccurate information about his grievance and benefits; and the grievance processes did not proceed as quickly as Gary might have liked. These shortcomings of Local 710 fall within the "'wide range of reasonableness'" allowed unions. *O'Neill,* 499 U.S. at 78, 111 S.Ct. at

1136 (quoting *Huffman,* 345 U.S. at 338, 73 S.Ct. at 686).

■ The court is aware that Gary undoubtedly has suffered a great amount of frustration and anxiety because of the bureaucratic processes he has had to go through to get his problems with Roadway solved. Moreover, Local 710 officials might have contributed to Gary's distress by not always having the answers that Gary wanted or needed, and by giving Gary inaccurate or conflicting information at times. However, Local 710's representation of Gary never approached the level that is required for it to have breached its duty of fair representation to Gary. At most, Local 710 was somewhat negligent in its handling of Gary's problems, but negligence is not enough to constitute a breach of duty of fair representation. *United Steelworkers of America, AFL–CIO–CLC v. Rawson,* 495 U.S. 362, 372–73, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990).

In short, it was Gary's burden to present more than a mere "scintilla of evidence" in support of his breach of duty of fair representation claim. *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991). That is, he was required to "do more than simply show that there is some metaphysical doubt as to the material facts" involved in his case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). He has failed to do so. Local 710, in contrast, has presented more than enough uncontroverted evidence to show that it represented Gary adequately, honestly, and in good faith. *See O'Neill,* 499 U.S. at 75, 111 S.Ct. at 1134.

Accordingly, the court finds that no questions of fact exist regarding whether Local 710 breached its duty of fair representation to Gary; it did not.

## III. CONCLUSION

For the foregoing reasons, the court grants Local 710's motion for summary judgment and enters judgment against Gary and for Local 710.