**LOCAL 100, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO and Selina Chiquet**

v.

**INTEGRATED HEALTH SERVICES, INC.**

No. CIV.A. 99-581-C-M2.

United States District Court, M.D. Louisiana.

May 23, 2000.

**538**

Spencer C. Livingston, New Orleans, LA, for Plaintiff.

Mark N. Mallery, New Orleans, LA, for Defendant.

## ORDER AND REASONS

LEMELLE, District Judge.

This matter is before the Court for consideration of defendant Integrated Health Services of Lester, Inc. d/b/a Integrated Health Services of Gonzales's ("IHS") motion to dismiss. The plaintiffs, Local 100, Service Employees International Union, AFL–CIO ("SEIU") and Selina Chiquet filed this action seeking relief for defendant's alleged violation of certain provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

Defendant filed this motion seeking dismissal of plaintiffs' claims on the basis that SEIU has no standing to bring these claims under the FMLA and that Chiquet has no private right of action to bring claims for violation of the FMLA notice requirements. Plaintiffs have responded contending that SEIU has organizational standing on behalf of its members.

*Standard of Law:*

A motion to dismiss under Fed. R. Civ. Pr. 12(b)(6) should not be granted unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *See Home Builders Assoc. of Ms., Inc. v. City of Madison, Ms.,* 143 F.3d 1006, 1010 (5th Cir.1998); *Home Capital Collateral, Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir. 1996). The Court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *American Waste & Pollution Control Co.*

*v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991).

*SEIU's standing:*

In the complaint, SEIU alleges its goal is to improve the working conditions, to protect the employment, and to resolve employment grievances on behalf of its members, some of whom are employed by defendant. SEIU further alleges that defendant has systematically denied its employees the right to take intermittent unpaid leave in violation of FMLA. In addition, defendant has failed to provide its employees with written information regarding their rights and responsibilities under the FMLA. The SEIU seeks equitable relief to prevent future violations, compensatory damages "for Local 100, on behalf of its members and in its own right, for its economic loss," including compensation for attorney's fees and costs.

The FMLA provides a right of action "against any employer ... by any one or more employees for and in behalf of ... (A) the employees; or (B) the employees and others similarly situated." 29 U.S.C. § 2617(a)(2). Under § 2617(a)(1), the employer who violates § 2615 of the FMLA "shall be liable to any eligible employee ..." As noted by defendant, the term "employee" in the FMLA is given the same meaning as that under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 2611(3). Thus, an employee is any individual employed by an employer. 29 U.S.C. § 203(g). An eligible employee is one who has been so employed for at least twelve months with the employer from whom the leave is sought and for at least 1250 hours of service with that employer during that twelve month period. 29 U.S.C. § 2611(2).

The SEIU in the instance case does not qualify as an eligible employee in its own right since it does not meet this criteria. The SEIU is not employed by IHS and has not been employed for twelve months or 1250 hours. It stands to reason that if the SEIU is not an employee as defined by

the statute it has no right of action under the statute and if the SEIU is not an eligible employee as defined by the statute, then the defendant is not liable to it for violations of the statute.

The definition of an employee under the FLSA, which is the same as that under the FMLA, does not empower a union or labor organization to sue on behalf of its members for violations of FLSA.[1] *Arrington v. National Broadcasting Co.*, 531 F.Supp. 498, 503 (D.D.C.1982); *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1198, 1200–01 (10th Cir.2000) (and cases cited therein). After diligent search efforts, there are no reported or unreported decisions addressing a union's standing to sue under the FMLA. This Court must recognize, however, that the corresponding definitions of employee in both FLSA and FMLA would seem to similarly preclude unions from those empowered to sue under the FMLA. In enacting the FMLA, "the legislative history reveals that Congress ... was aware of the breadth of the FLSA definition [of employee] and purposely chose to adopt that definition." *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 7 (1st Cir.1998). " 'Congress' repetition of a well-established term carries the implication that Congress intended the term to be construed in accordance with pre-existing regulatory [and judicial] interpretations.' " *Duckworth*, 152 F.3d at 7 (*quoting Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 2201–02, 141 L.Ed.2d 540 (1998)). Those pre-existing interpretations would dictate

the conclusion that SEIU can not pursue claims for violation of the FMLA on behalf of its individual members in this action.

 SEIU contends that it has organizational standing to pursue the interests of its members in this suit. As it is with the FLSA, the Court must find that for purposes of the FMLA "[t]he question, however, of organizational standing generally is irrelevant in light of the specific statutory bar on representative actions ..." *Albertson's, Inc.*, 207 F.3d at 1201–02 (citing *State of Nevada Employees' Assoc., Inc. v. Bryan*, 916 F.2d 1384, 1392 (9th Cir. 1990)).[2] For these reasons, the Court must find that SEIU is without standing to bring this action under the FMLA for relief on its own behalf since it is not an eligible employee or as representative on behalf of its individual members.[3]

*Private action on notice claim:*

Plaintiffs have not opposed defendant's motion relative to the contention that plaintiffs are without a private right of action regarding the defendant's alleged failure to provide adequate notice to its employees. Defendant's motion in that regard is unopposed and is found to have merit.

 The federal courts have resolved that an employee has no private right of action for violation of the FMLA's notice requirement found at 29 U.S.C. § 2619. *Antoine–Tubbs v. Local 513, Air Transport Division, Transport Workers Union*

1. Under the FLSA, the right of action is given to "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

2. The *Albertson's, Inc.* court held that a union could not circumvent this statutory bar by framing its claims as those for injunctive or declaratory relief. *Id.*, at 1199–1202. This Court would also be so inclined.

3. The Court also notes that it is unlikely that SEIU would meet the third prong of the organizational standing test as set forth in *Hunt v. Washington State Apple Advertising Comm'n*,

432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) and its progeny. Under the FMLA, an employer is liable to the eligible employee for wages, salary, employment benefits, or other compensation lost by reason of the alleged violation or any actual monetary losses up to 12 weeks of wages and salary, interest, liquidated damages, and equitable relief such as promotion, reinstatement, or employment. 29 U.S.C. § 2617. Such remedies are available to the individual employee so damaged which could not be assessed if successful unless individual employees were identified and made party to the suit to determine the extent of such damages and entitlement thereto.

*of America, AFL–CIO,* 50 F.Supp.2d 601, 618 (N.D.Tx.1998), *aff'd,* 190 F.3d 537 (5th Cir.1999); *Gilbert v. Star Building Systems,* 1997 WL 687732, No. 97–6021, slip op. at *1 (10th Cir. Oct. 30, 1997) (unpublished); *Knussman v. State of Maryland,* 16 F.Supp.2d 601, 608 n. 3 (D.Md.1998); *Blumenthal v. Murray,* 946 F.Supp. 623, 626–27 (N.D.Ill.1996); *Jessie v. Carter Health Care Center, Inc.,* 926 F.Supp. 613, 617 (E.D.Ky.1996); *Latella v. National Passenger Railroad Corp.,* 1999 WL 1702850, No. 99–816(PCD), slip op. at *3 (D.Conn. Nov. 15, 1999) (unpublished). Plaintiffs can bring no such claim against IHS. Accordingly,

IT IS ORDERED that IHS's motion to dismiss (Doc. 5) is GRANTED. All claims raised by Local 100, Service Employees International Union, AFL–CIO are DISMISSED with prejudice and· Selina Chiquet's claim for relief for violation of the FMLA's notice requirements are DISMISSED with prejudice.